UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                                   Case No. 3:22-CR-00094-DJH

**SUZANNE CRAFT**                                                     DEFENDANT

### UNOPPOSED MOTION FOR PROTECTIVE ORDER

Comes the United States of America, by and through counsel Christopher C. Tieke and Stephanie M. Zimdahl, Assistant United States Attorneys for the Western District of Kentucky, and moves this Court for a Protective Order pursuant to Rules 16 and 49.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3771. Counsel for defendant Suzanne Craft has been consulted and does not object to the entry of the proposed Protective Order.

### Background

Defendant Suzanne Craft has been charged with five counts of mailing threatening communications in violation of Title 18, United States Code, Section 876(c) to her neighbors. Many of these mailings contained racially charged threats to injure or kill her neighbors, including threats directly against her neighbor's minor children. Consequently, much of the discovery in this consists of threats to harm and kill individuals, including minor children; racial slurs and derogatory language; and statements by and related to the victims. Disclosure of such materials will only serve to further traumatize the victims in this case.

The United States' request is narrow.[1] The United States does not seek to limit production of this discoverable material to the defendant. Rather, the United States is simply seeking a protective order limiting defendant's ability to retain and disclose these sensitive materials by requiring that she only be shown copies of these materials in the presence of her attorney, that she

---

[1] The United States has already provided some discovery to the defendant consisting of materials that do not contain the sensitive information for which this Protective Order is sought.

not be permitted to make and retain a copy of the discovery provided by the United States or to transcribe any information regarding third parties who are identified in the discovery; and that she be precluded from further disclosing and/or publicizing any materials produced by the United States in discovery.

## Legal Analysis

By this motion, the United States respectfully requests that the Court enter a Protective Order pursuant to Rule 16(d) related to sensitive discovery materials that may be produced by the United States. By its terms, Rule 16 of the Federal Rules of Criminal Procedure contemplates that discovery material exchanged between the parties will be done informally and not channeled through the public record. Typically, a request is made by one party and the opposing party complies. This procedure is reinforced by local standard discovery orders which provide that the parties should conduct discovery informally amongst themselves without involvement of the Court (unless there are unresolvable disputes).

Rule 16(d) provides that the district court may, for good cause, deny, restrict, or defer discovery or inspection or grant other relief, including the issuance of protective or modifying orders. By this request, the United States seeks a protective order to ensure that disclosure of matters containing sensitive material is limited to members of the defense team for their use in preparation for trial. Such protection is needed due to the sensitive nature of the information and the privacy concerns of those implicated by such disclosures.

Because discovery is solely for the purpose of preparation for trial, normally a protective order is not needed to ensure that materials provided in discovery are not disclosed to the public (including the media, publishers, and others). In an abundance of caution, however, the United States seeks this protective order regarding disclosure of the sensitive information to ensure that all parties are aware of the limitations on disclosure of discovery material and to protect the privacy of the victims.

In this case, notwithstanding the limitations built into Rule 16 itself, it is entirely appropriate to enter the proposed Protective Order. Given the charges in this case (mailing threatening communications to injure or kill) and the sensitive nature of the information, it is appropriate to extend this added protection to this sensitive information that if publicly released may add additional harm to the victims in this case. To put it in the language of Rule 16(d), there is "good cause" for a protective order that strikes an appropriate balance between the privacy concerns of the victims and the defense teams' need to receive, process, analyze, and use the information.

Federal law enumerates the rights of crime victims. *See* 18 U.S.C. § 3771. They have the right, for example, "to be reasonably protected from the accused," and to "be treated with fairness and with respect for [their] dignity and privacy." 18 U.S.C. § 3771(a). The Court has an obligation to "ensure that the crime victim is afforded [these] rights." 18 U.S.C. § 3771(b). It must also consider the safety of the victim and the witnesses involved. Public release of sensitive materials about the victims and witnesses and threats targeting the victims, including minor children victims, would only serve to harm the dignity and privacy of the victims. *See United States v. Lewis,* No. 16-30002-MGM, 2016 WL 778361, at *2 (D. Mass. Feb. 26, 2016) (entering blanket protective order in case involving sex trafficking and extortionary threats where there was a risk to the vulnerable victims in this case, who are also potential witnesses).

Accordingly, while the disclosure of the sensitive and potentially confidential information defendant's counsel may be entirely appropriate, it is also entirely appropriate for this Court to issue a protective order limiting release of the sensitive and potentially confidential discovery to only the defendant and her defense team for their use in trial preparation. *See Alderman v. United States*, 394 U.S. 165, 185 (1969); *United States v U.S. Dist. Court for the Eastern Dist. of Michigan*, 407 U.S. 297, 324 (1972) (cases which held that disclosure of impermissibly intercepted conversations (without a Title III order) to defendants was required but that defendant and his

counsel could be placed under "enforceable orders" against unwarranted disclosure of the materials). *See also United States v. Saleeme*, 978 F. Supp. 386, 389-90 (D. Mass. 1997) (disclosure of all documents and records produced pursuant to the court's order or in discovery were subject to restrictions similar to those proposed in this case).

WHEREFORE, the United States respectfully requests that the Court grant this motion and enter the proposed Protective Order.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/ Christopher C. Tieke*
Christopher C. Tieke
Stephanie M. Zimdahl
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky 40202
Phone: (502) 582-5911
Fax: (502) 582-5067

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/ Christopher C. Tieke*
Assistant United States Attorney