UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                                    Case No. 3:22-CR-00094-DJH

**SUZANNE CRAFT**                                              DEFENDANT

### PROTECTIVE ORDER

This matter having come before the Court on the unopposed motion of the United States

of America pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective

Order limiting the use and dissemination of certain material and information produced by the

United States as discovery materials in this case, and which contain sensitive information.   The

court having considered the motion, and being otherwise sufficiently advised, the United States'

motion is **GRANTED**.

**IT IS HEREBY ORDERED**, pursuant to Rule 16(d) of the Federal Rules of Criminal

Procedure, the Court's inherent authority, and with the consent of the parties to this action, that:

1.      The terms of this Protective Order govern all discovery tendered in the above-

captioned case regardless of the date discovery is provided.   Discovery produced subject to this

protective order shall be marked as "Confidential Information - Subject to Protective Order."

2.      The material provided in discovery by the United States to defendant shall be used

by defendant and her counsel solely for preparation of her defense.

3.      The defendant may be shown copies of the discovery material marked as

"Confidential Information- Subject to Protective Order" under the supervision of her respective

counsel or other members of the defense team. Defendant agrees not to make and not to retain a

copy of the discovery provided by the United States or to transcribe any information regarding

third parties who are identified in the discovery.

      4.      Subject to and in conformity with the provisions of this Order, the parties shall not

disclose or distribute this discovery to any person or entity other than the following:

      (a)      The parties to this action, as well as employees of and the attorneys for the parties (including their investigators, paralegals, clerical/administrative and other assistants) who have a clear need for access to confidential information in connection with this action; and outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials;

      (b)      Persons retained by a party or its counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action, provided such persons have signed a written acknowledgment, attesting to the fact that they have read this Order and agree to be bound by its terms;

      (c)      Persons with factual knowledge relating to the case in the course of an interview, deposition, or testimony, in the reasonable and good faith belief of counsel that examination is necessary or appropriate for the prosecution or defense of the case;

      (d)      Stenographers engaged to transcribe depositions conducted in this action; and

      (e)      the Court and its support personnel.

The parties shall not disclose the discovery materials to any persons described under

subparagraphs (c), or (d) unless and until the attorney of record has informed such persons of the

contents of this order and they agree to be bound by its terms.   Each person must agree that the

information to be shared with them contains sensitive information of a personal and private nature,

that is subject to this Order, and should not be further disclosed except for purposes having to do

with this litigation.

      5.      The parties shall allow no person to have access to the discovery materials, nor shall

any person be informed of the substance of discovery materials, except as otherwise provided in this Order or by further order of the Court.

6.      Disclosure of discovery materials for purposes related to the prosecution and defense of the criminal case may be made to the Court in connection with proceedings in this case, and consistent with the provisions of Rule 49.1 of the Federal Rules of Criminal Procedure governing privacy protections for filings made in court.

7.      Counsel for defendant shall not allow his client to possess or retain of any discovery materials subject to this Protective Order without counsel being present and will take all reasonable steps necessary to ensure that government discovery materials containing sensitive information are not improperly disclosed.

8.      Within sixty (60) days of the resolution of this action by settlement or final judgment, and the termination of any appeal therefrom, the parties shall destroy or return to the producing entity all discovery documents and any copies thereof that remain in their possession or control, provided, however, that government counsel may retain one copy of any discovery documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations, 36 C.F.R. § 1222.38.   Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

9.      Nothing in this Order shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein.

10.     This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

11.     The termination of this litigation shall not relieve any person or party provided materials containing sensitive information of his, her or its obligations under this Order.

**SO ORDERED.**

August 30, 2022

David J. Hale, Judge
United States District Court