UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                        Plaintiff,

v.                                                        Criminal Action No. 3:22-cr-94-DJH

SUZANNE CRAFT,                                                        Defendant.

\* \* \* \* \*

## MEMORANDUM OF HEARING AND ORDER

A status hearing was held in this matter on September 21, 2022, with the following counsel participating:

  For the United States:   Christopher C. Tieke
                           Stephanie Zimdahl

  For Defendant:           Angela M. Rea

The defendant was present. The Court and counsel discussed the procedural posture of the case. Counsel reported that additional time is needed to complete discovery. The United States informed the Court and counsel that the investigation is ongoing and that additional charges are under consideration. Based on the discussion during the hearing, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant's unopposed motion to continue the trial (Docket No. 16) is **GRANTED**. The trial of this matter, currently set for **October 24, 2022**, is **REMANDED** from the Court's docket, to be reset by subsequent order. All pretrial dates and deadlines are **VACATED**.

(2) This matter is set for a telephonic status conference on **October 25, 2022**, **at 1:30 p.m.** Counsel for the parties shall connect to the telephonic status conference by dialing the toll-

free number 1-877-402-9753 and entering access code 9073187. The Court and counsel will discuss a new trial schedule during the conference.

(3) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from September 21, 2022, to October 25, 2022, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

September 22, 2022

David J. Hale, Judge
United States District Court

Court Time: 00/10
Court Reporter: Dena Legg

cc:  Jury Administrator