UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                    CRIMINAL NO. 3:22-CR-00094-DJH
                                                                *Electronically Filed*

SUZANNE CRAFT                                                               DEFENDANT

## UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS

Pursuant to the Court's Memorandum of Hearing and Order (DN 20), the United States by and through undersigned counsel, respectfully states its intention to introduce in its case-in-chief evidence of uncharged conduct and other conduct in which the Defendant, Suzanne Craft ("Craft"), engaged. It is the position of the United States that this evidence is relevant admissible evidence, pursuant to Rule 401 and 402, however, in an abundance of caution, notice, pursuant to Rule 404(b) is hereby provided.

## BACKGROUND

The victims, M.P. and C.P., and their four children, moved into their home on a cul-de-sac in the Lake Forest neighborhood in Louisville, Kentucky, in the spring of 2019.[1] Two of the children have darker complected skin as compared to the other three.[2] When the family moved into the neighborhood, Craft was their neighbor on the cul-de-sac, with their houses separated from one another by one house in between. Initially, the victim family and Craft got along and were friendly with one another. Then, shortly after the family moved into their home in 2019, there was an incident in the neighborhood in which M.P. and C.P believed that Craft's minor daughter used

---

[1] As of February 2022, M.P. and C.P. have five children.
[2] The children are biracial with differing racial backgrounds, including African American.

racial slurs against one of their biracial children, Child #1.  M.P. and C.P. thereafter directed all their children not to associate with Craft's daughter and they began to cease the family's interactions with Craft and her daughter.

Subsequent to the victim family's termination of their relationship with Craft, Craft engaged in harassing conduct against the family, including multiple incidents involving the use of racial slurs against the family.  In July 2022, Craft was charged in Jefferson County District Court with criminal mischief and harassing communications due to incidents involving paintings on the victims' driveway.[3] The state charges did not stop Craft from terrorizing the victim family; instead, it caused her to change her methods. Throughout October, November and December 2020 the victim family discovered numerous items of correspondence and mail matter in their mailbox and yard, including an envelope containing bullets, containing racially charged threats to kill M.P and two of the children.

A federal investigation regarding Craft's conduct toward the victim family was initiated and Craft was well aware of that investigation at least as early as February 2022 when federal law enforcement officers executed a search warrant on Craft in order to obtain her DNA and her cell phone.  On July 28, 2022, the United States sent a letter to the attorney that represented Craft in her state case indicating that Craft was the target of a federal investigation.  After a flurry of telephone calls and communications, at approximately 9:30 p.m. on July 28, Craft had her daughter make a phone call to witness R.W. regarding bullets that were found by the victim family in an effort to change his recollection of events relating to those bullets.

---

[3] As of the date of this filing, that case remains pending.

On August 17, 2022, a federal grand jury returned an indictment charging Craft with five counts of mailing a communication containing a threat to injure another in violation for 18 U.S.C. § 876(c).  Trial in this case is set for March 6, 2023.

## USSG 3A1.1(a)

In its December 22nd order (DN 20), the Court instructed that the United States shall "file notice of the proof that it will present at trial to support a sentence enhancement."  The specific guideline enhancement at issue in this case is USSG 3A1.1(a), which provides that "If the finder of fact at trial … determines beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race [or] color … of any person, increase by 3 levels." This will require the United States to prove to the jury that Craft selected the victims that she threatened to injure in the mailed threats in Counts One through Five of the Indictment because of their actual or perceived race or color.

After the jury finds that Craft committed the offenses charged in Counts One through Five of the Indictment, they will be asked, by way of a special verdict form, to find that Craft selected the victims of each of the charged threats because of the victims' actual or perceived race or color. The government anticipates proposing a jury instruction on this enhancement to the effect of the following:

> To prove that the Defendant acted "because of" each victim's actual or perceived race or color, the Government must prove beyond a reasonable doubt that the threats would not have occurred but for the fact of the victim's actual or perceived race or color.  This does not mean that the Government must prove that the victim's actual or perceived race or color was the Defendant's sole or only motive for the attack.  You may find the Defendant is guilty even if there was more than one reason why she threatened the persons identified in Counts One through Five. The Government must prove, however, that the person's actual or perceived race or color played a determinative role in the Defendant's decision to threaten him or her.

> The Government may prove this motive through direct evidence or may prove motive by circumstantial evidence.

In light of this burden of proof, instances of other conduct Craft engaged in should be admitted as evidence that–directly or circumstantially—proves her motive for selecting the victims in this case as the recipients of the charged threats.  Many of the instances of uncharged conduct and other conduct listed below will thus be used by the government at trial for multiple purposes –to prove the elements of the offenses themselves, as necessary evidence to complete the story of the charged crimes, and to provide the evidence necessary to prove the 3A1.1 sentencing enhancement. Relevant proof of motive for the 3A1.1 enhancement includes both evidence that Craft made threats and racial slurs to the victim family at times not charged in Counts One through Five of the Indictment as well as evidence that Craft did not threaten to injure and/or kill other neighbors with whom she had disputes who were neither actually nor perceived by her to be Black or biracial.

### PROFFERED EVIDENCE[4]

The United States maintains that the evidence listed below is relevant admissible evidence pursuant to Rule 401 and 402 that is admissible to prove the elements of the charged crimes.  The proffered evidence is also *Res Gestae* and/or evidence that is inextricably intertwined with the charged conduct. *See United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (finding that *res gestae* evidence is "background evidence" that "consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense" and thus does not implicate Rule 404(b)); *United States v. Everett*, 270 F.3d 986, 992 (6th Cir. 2001) (quoting *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir.1995) ("Rule 404(b) is not applicable where the challenged evidence is "inextricably intertwined" with evidence of the crime charged."  Additionally, certain of the evidence is relevant,

---

[4] The United States endeavored to be exhaustive in its notification.  It may introduce all or some of the proffered evidence.  It may also introduce additional proof at trial.  This list is not intended to be exhaustive of the proof the United States intends on presenting at trial.

admissible evidence introduced to prove the Craft intentionally selected the victims because of their actual or perceived race as required by USSG § 3A1.1. *United States v. Miller*, 767 F.3d 585, 591 (6th Cir. 2014) (noting that "statutes using the term 'because of' require a showing of "but-for causality.").   Alternatively, the United States maintains that the evidence listed below is admissible under Fed. R. Evid. 404(b) for permitted, rather than prohibited, uses[5] (i.e. motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). *See* Fed. R. Evid. 404(b); *United States v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1993); *United States v. Ismail*, 756 F.2d 1253, 1259 (6th Cir. 1985); *United States v. Dabish*, 708 F.2d 240, 242 (6th Cir. 1983).

## Categories of Uncharged and Additional Conduct

***Other engagement with neighbors, including the victim family.***

- An incident shortly after the victim family moved into their home in 2019 involving Craft's daughter using racial slurs against one of the victim children.

- August 8, 2019 Craft reported to Louisville Metro Police Department ("LMPD") that an unknown suspect(s) egged the back of her SUV, causing damage and that an unknown suspect(s) left fecal matter on her front door threshold, keylock, and doorknob.

- August 9, 2019 Craft reported that that an unknown suspect(s) caused damage to her vehicle and home. Craft advised of the ongoing feud with a neighbor across the street.

- An incident in March 2020 when M.P. overheard her children say how Craft's daughter had again used racial slurs toward one of them.  After one of the children told Craft's daughter she was not welcome, the victim family heard Craft use a racial slur.  Later that day, through the house window, M.P. saw a white Lexus SUV pull up next to one of her children in the cul-de-sac and say something to the child.   The child told M.P. that Craft told the child that she was going to "run her over."

- February 17, 2021 Craft is seen on surveillance camera at victim's house walking on to the victim family's property and pouring something believed to be kitty litter into their fountain and then walking back to the direction of her house.

---

[5] Without conceding that such evidence is subject to Fed. R. Evid. 404(b), the United States tenders this filing as Notice of Intent in accordance with Fed. R. Evid. 404(b)(2).

- Testimony of various neighbors regarding interactions with Craft during 2019-2022.

- July 15 and July 16, 2021 incidents on the highway involving Craft and the victims.

### *The June 2020 driveway painting incidents.*

- June 7, 2020, Craft reported to LMPD that unknown suspect(s) painted racial slurs on her driveway in orange paint and that unknown suspect(s) also turned her water on outside and woke her up around 3:30 AM.

- June 7, 2020, M.P. reported to LMPD that a suspect, who M.P. believed to be Craft, painted a racial slur on their driveway.

- June 16, 2020 C.P. reported to LMPD that a person believed to be Craft spray painted racial slurs and a swastika on their driveway and also damaged the lawn. C.P. provided surveillance video showing a female carrying a bottle from the driveway to her left, possibly Craft's house and spray painted the driveway.

- June 27, 2020 M.P. reported to LMPD that a person believed to be Craft spray painted racial slurs and a swastika on their driveway.  M.P. provided surveillance video showing a female carrying a bottle from the driveway to her left, possibly Craft's house and spray painted the driveway, and then returning to Craft's house.

### *Craft state court charge and no contact order.*

- Certified court records regarding Craft's state court charge and issuance of a no contact order in Jefferson District Court case 20-M-006022.

### *Additional mail matter.*

- White envelope with postmark "2 Nov 2020 PM 3 L", addressed to M.P.  Contents of envelope include a cutting from an advertisement for Owen Funeral Home and a white piece of paper with cutout letter that read, "GO NI**ERS"

- Undated white envelope with six stamps addressed to M.P.  Contents include another white envelope which contains an envelope from Fifth Third Bank and two live ammunition rounds wrapped in a purple latex glove and cardboard from a Barilla pasta box.

- Undated white envelope containing a white piece of paper with cutout letters that read, "YOU HAD ENOUGH NI**eR BITCH.?

- Undated white envelope containing a white piece of paper with cutout letters that read, "DIE STUpID BITCH MOVE OUT"

- Several empty plastic bags and one plastic bag containing a substance that is similar in consistency to kitty litter.

***Craft police report regarding stolen mail.***

- November 30, 2020 Craft reported to LMPD that an unknown suspect(s) stole mail matter including a Fifth Third Bank statement, a VISA credit card statement, and a Girl Scouts of America letter, from her mailbox.

***Obstructive Attempts***

- Conduct by Craft to change or alter witness's memory of and statements regarding events and evidence relevant to the charged threats, including but not limited to communications between Craft and R.W. and a phone message Craft instructed her daughter to leave for R.W.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


_____
Stephanie M. Zimdahl
Christopher C. Tieke
Assistant U.S. Attorneys
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-5911
FAX: (502) 582-5097
Email: Christopher.tieke@usdoj.gov
          Stephanie.zimdahl@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

Stephanie M. Zimdahl
Christopher C. Tieke
Assistant United States Attorneys

8