**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:22-CR-00094-DJH**
**UNITED STATES OF AMERICA,**                                                           **PLAINTIFF,**

**vs.**

**SUZANNE CRAFT,**                                                                             **DEFENDANT.**


### DEFENDANT'S RESPONSE TO UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS

Comes the defendant, Suzanne Craft, by counsel, and provides this Response to the United States' Notice of Intent to Introduce Evidence of Other Acts. (DN 21, hereafter "Notice"). Ms. Craft agrees that some evidence in the Notice is not subject to analysis under FRE 404(b) and requests more specific notice with respect to other items listed by the United States.

## I.      BACKGROUND

In the case before this Court, Ms. Craft is charged with five counts of Communications with Threat to Kidnap or Injure, under 18 U.S.C. §876(c). She is alleged to have used the United States Postal Service to send five items that contained threats to neighbors in the Lake Forest subdivision in November and December 2020. According to the discovery material provided in this case, each of those mailings also featured racially inflammatory language.

The interactions between Ms. Craft and the neighbors – adults C.P. and M.P. and their minor children – began when M.P. and C.P. moved their family onto the cul-de-sac in April 2019. Ms. Craft was a long-term Lake Forest resident when the other family moved in. Their homes were

separated by one house. The families' relations were at first amicable, but did not remain so. In July 2020, Ms. Craft was arraigned in Jefferson District Court on misdemeanor charges of criminal mischief in the third degree (three counts) and harassing communications (three counts) involving the neighboring family members. The allegations in the criminal complaint cover the period from May 22, 2020 to June 27, 2020 and include racial slurs and swastikas painted on the neighbors' front yard and driveway. Ms. Craft has entered not guilty pleas to those charges and that case remains pending. It has been set for jury trial, but that trial has not yet been conducted at this time.

During the three-year period between the arrival of the M.P. and C.P. family in April 2019 and this federal indictment in August 2022, there are several allegations that Ms. Craft engaged in threatening or otherwise criminal acts against the neighbors. Some of these are part of the case in state district court. All of these allegations involve acts that Ms. Craft disputes. In its Notice, the United States has indicated that it intends to introduce several of these other acts at the jury trial that is scheduled for this case on March 6, 2023.

## II.    EVIDENCE PROFFERED BY THE UNITED STATES

In its Notice, the United States has listed 19 acts or categories of acts that it intends to introduce at the trial of this indictment. (DN 21, pages 5-7). It asserts that the evidence constitutes part of *res gestae* of the charged offenses or is otherwise admissible under FRE 404(B). There are several items of proffered evidence that the Defense agrees are properly considered as *res gestae* or background evidence, and, as such, do not fall under FRE 404(B), while not conceding that the alleged acts occurred and not waiving other arguments that may arise as to admissibility. These are:

Additional mail matter (the four items listed on page 6 of DN 21).

Report by Ms. Craft on November 20, 2020 concerning stolen mail (listed on page 7 of DN 21).

2

The other 17 items or categories of evidence are not properly part of the *res gestae* of the offenses in this indictment, are not inextricably intertwined with them, and should be analyzed under FRE 404(b). Finally, the role of USSG §3A1.1(A) does relieve the Court of the need to engage in this analysis.

### III.    *RES GESTAE* OR BACKGROUND EVIDENCE

While FRE 404(b) applies to much evidence of other acts, crimes, or wrongs, the concept of *res gestae*, or background evidence, allows admission of other acts evidence under limited circumstances and does not require examination under FRE404(b). Evidence that may be admitted as background is evidence that is related to the charged offense causally, temporally, or spatially. *United States v. Marlando Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (internal citation omitted). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id*.

However, such *res gestae* evidence does not "allow a party to evade 404(b) by introducing any and all other act evidence." *United States v. Clay*, 667 F.3d, 697-698 (6th Cir. 2012) (citing *M. Hardy*, 748 and *United States v. Buentello*, 423 Fed.Appx. 528, 533 (6th Cir. 2011)). This circuit has highlighted the limited nature of background evidence, stating, "the concerns that prompted Rule 404(b) are very real, and a party may not rely on this exception as a backdoor to circumvent its goals." *Buentello*, 533.

The acts proffered by the United States in this case, excluding those set out above which the defense has agreed are not subject to FRE 404(b) analysis in Part II of this Response, are not part of the *res gestae* of this case. Orally expressed racial slurs, racist driveway paintings, one

3

person following another on the highway, vandalism to a fountain, and the state court case based on some of these earlier events are separate and distinct from the charged crimes. The proffered other acts themselves are quite varied in their nature and also very different from the charged acts.  Further, they cover a much longer period of time, beginning shortly after April 2019 and extending sometime in 2022. Most of the proposed acts occurred before or after the three-month period of November to December 2020 in which the crimes alleged in this case occurred. These varied acts share little beyond the allegation that Ms. Craft was acting based on a racial bias and that her alleged actions demonstrated that bias. The 17 acts or categories of acts are not necessary to tell the story surrounding the five mailings. Admitting them would overwhelm that story and transform the trial into an examination of Ms. Craft's life in the neighborhood during the three years between April 2019 and the federal indictment in August 2022. The many pieces or categories of other acts evidence would become the foreground instead of serving as background information. *M. Hardy* gave further direction about examining proposed res gestae evidence, stating;

> "The definition of background or *res gestae* evidence evolved by [prior] cases imposes severe limitations in terms of the temporal proximity, causal relationship, or spatial connections that must exist between the other acts and the charged offense. Before a court decides whether other acts fall into the "background circumstances" exception to the general proscription against such evidence, it must first analyze the proffered evidence in light of these constraints." *M. Hardy,* 749.

These constraints cannot contain the evidence that the United States cites in its Notice, with the exception of the items listed in Part II of this response. The Court should, therefore, examine them under FRE 404(b).

## IV.   USSG §3A1.1(A)

The United States refers to USSG §3A1.1 in its filing, noting that if Ms. Craft is convicted of any of the charges in the indictment, the jury will be charged with determining whether or not

there is proof beyond a reasonable doubt that victims were targeted based on perceived race or color. Such a finding is necessary in order for the three level enhancement to apply. While the necessity for this finding makes clear that motive is relevant, it does not relieve the Court of the need to engage in the analysis required by FRE 404(b). The particulars of the mailings themselves are useful here. Each of the mailings for the five indicted counts features racially inflammatory language on the exterior, in the interior, or both. The United States already has material to use to make the argument that the acts were done based on perceived race or color without introducing the dangers presented by other acts evidence. As a result, if the other acts are to be admitted, they must meet the strictures of FRE 404(b).

## V.    FRE 404(b)

The Court must engage in a three part analysis when determining whether a particular piece of evidence is admissible under FRE 404(b). It must: "(1) determine whether [there] is sufficient evidence that the prior acts occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in the rule; and (3) apply Rule 403 balancing to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *United States v. DeMarcus Hardy*, 643 F.3d 143, 150 (6th Cir. 2011) (citing United *States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010)). *See also, United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002) and *United States v. Emmons*, 8 F.4th 454, 474 (6th Cir. 2021). Further, the rule itself includes a notice provision for criminal cases. To provide notice under FRE 404(b)(3), a prosecutor must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Advance notice in writing has been provided under paragraph (C) by the United States' Notice. With one exception, proper notice of the proffered evidence has been provided in the list contained in the United States' filed Notice as required by paragraph (A). However, one category of evidence is described as "testimony of various neighbors regarding interactions with Craft during 2019-2022" (DN 21, page 6). Such notice is too broad to be "reasonable notice …so that the defendant has a fair opportunity to meet it." More specific notice should be provided so that the defense can discern approximately when during this three-year period the communications occurred, with whom they occurred, and what the nature of the communications was. Lastly, the United States must still satisfy paragraph (B) with respect to the permitted purpose(s) of the other acts evidence. It has stated that it believes that the proffered evidence, if it is not found to be *res gestae* or background evidence, is admissible "for permitted, rather than prohibited uses[.]" (DN 21, page 5). The Notice then goes on to list all of the permitted purposes set out in FRE 404(b)(2). In addition to not providing notice of which particular purpose(s) a listed item or category of items addresses, it has not provided its reasoning as to why the evidence is admissible for that purpose. In order for the Court to make the determinations required by Rule 404(b), and for the Defendant to respond with respect to the 17 items or categories of evidence, it must articulate both the permitted purpose(s) and the reasoning that supports that purpose.

## VI.   CONCLUSION

For the foregoing reasons, the defendant agrees that the items set out in Part II above do not fall under FRE 404(b) and asks the Court to conclude that the remaining items are subject to FRE 404(b) analysis. Therefore, that the United States shall provide more specific notice with respect to proffered neighbors' testimony and shall articulate the permitted purpose(s) for which

it argues all of the remaining 17 items or categories are admissible and its reasoning for the proffered purpose(s).

/s/ Angela M. Rea
Federal Defender
200 Theatre Building
629 Fourth Street
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on January 24, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

/s/ Angela M. Rea