## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## (Filed Electronically)

**CRIMINAL ACTION NO. 3:22CR00094-DJH**
**UNITED STATES OF AMERICA,**                                              **PLAINTIFF,**

**v.**

**SUZANNE CRAFT,**                                                              **DEFENDANT.**

### DEFENDANT'S TRIAL BRIEF

### I. Statues Involved and Elements of the Offenses.

### A. Statutes Involved

The defendant, Suzanne Craft, is charged with five (5) counts in the Indictment in this case for communications with threat to kidnap or injure in November and December 2020. *See* DN 26. These counts and the statute purportedly violated are as follows:

- Count One: Communication with threat to kidnap or injure
  18 U.S.C. §876(c)

  On or around November 2, 2020

  Penalty: Not more than 5 years imprisonment; not more than $250,000, or both; and not more than 1 year of supervised release (18 U.S.C. §876(c)).

- Count Two: Communication with threat to kidnap or injure
  18 U.S.C. §876(c)

  On or around November 5, 2020

        Penalty:  Not more than 5 years imprisonment; not more than $250,000, or both; and not more than 1 year of supervised release  (18 U.S.C. §876(c)).

- Count Three:  Communication with threat to kidnap or injure
  18 U.S.C. §876(c)

        On or around November 6, 2020

        Penalty:  Not more than 5 years imprisonment; not more than $250,000, or both; and not more than 1 year of supervised release  (18 U.S.C. §876(c)).

- Count Four:  Communication with threat to kidnap or injure
  18 U.S.C. §876(c)

        On or around November 6, 2020

        Penalty:  Not more than 5 years imprisonment; not more than $250,000, or both; and not more than 1 year of supervised release  (18 U.S.C. §876(c)).

- Count Five:  Communication with threat to kidnap or injure
  18 U.S.C. §876(c)

        In or around December, 2020

        Penalty:  Not more than 5 years imprisonment; not more than $250,000, or both; and not more than 1 year of supervised release  (18 U.S.C. §876(c)).

**B. Elements of the Offense Charged**

**Communication with threat to kidnap or injure, 18 U.S.C. §876(c)**

Ms. Craft is accused of, on five different occasions, knowingly depositing in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causing to be delivered by the Postal Service according to the direction thereon, any communication, with or without a name or designating mark

subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another.

In order to find her guilty of any of these counts, the jury must find that the government proved each of the following elements beyond a reasonable doubt:

1. The Defendant knowingly mailed or arranged to have mailed, through the United States Postal Service, a letter addressed to M.P.

   And

2. The letter contained a threat to injure a particular person or group of people

   And

3. That the defendant sent the letter for the purpose of making a threat

## II. Statement of Disputed and Undisputed Facts

Defendant, by her plea of not guilty, denies and disputes all factual allegations of the United States.

## III. Unresolved Substantive Issues of Law

The defense is not aware of any unresolved substantive issues of law at this time.

## IV. Evidentiary Issues

The Parties have raised the issue of other acts evidence separately. Once the Court is able to review those questions and issue a ruling, the Court may need to consider giving a limiting instruction, depending on that ruling. If court concludes that any of the proffered evidence is admissible under FRE 404(b), the court must, if requested, " 'clearly, simply, and correctly' instruct the jury as to the *specific* purpose for which [it]

may consider the evidence."; *see also United States v. Perry,* 438 F.3d 642, 649 (6th Cir.2006) (stating that "the court should nonetheless issue a limiting instruction establishing the basis for the inclusion of the Rule 404(b) evidence"). *US v. Fraser*, 448 F. 3d 833, 839 (6th Cir. 2006) (quoting *United States v. Merriweather,* 78 F.3d 1070, 1076–77 (6th Cir.1996))(other citation omitted).

Further, the United States has indicated that it will not seek to admit evidence concerning an event that transpired in the cul-de-sac in February 2021. The defendant believes that *all* of the other events that occurred on or near the neighboring driveway should be excluded based on rules 404(b) and 403. If, however, the Court rules otherwise, this event should not be excluded. There is evidence, included in the discovery provided by the United States, that is exculpatory to Ms. Craft and, as a result, exculpatory with respect to the allegations of other driveway area incidents that the United States does seek to admit.

The defendant and the United States have discussed stipulations with respect to the dispatch of a target letter in July 2022 and the authentication of cell phone data. The parties anticipate signing those stipulations at the final pretrial conference. The parties will continue to discuss other potential stipulations.

The defendant is not currently aware of other evidentiary issues that to be resolved prior to trial.

### V. Substantive and Special Jury Instructions

As there is no Sixth Circuit Pattern Instruction for violations of 18 USC §876(c), the defense requests a jury instruction based on the 18.01 instruction for violations of 18

USC §875(c), adapted to include the element of mailing the communication through the United States Postal Service. The defense will request that the Court include an instruction that defines "threat" as also set out in Sixth Circuit Pattern Instruction 18.01. The defense will also request a definition of "knowingly", requiring that the defendant knew that she sent the letter or caused it to be sent. *Elonis v. United States*, 575 US 723, 737 (2015).

As discussed in the parties filings about other acts evidence, the Court must give an instruction pursuant to USSG §3A1.1, to direct to the jury to determine whether the government has proven beyond a reasonable doubt that "the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person."

The defense is not aware of other instruction issues at this time.

## VI. Proposed Voir Dire Questions

Recognizing the difficult issues in this case as well as the media attention that the events have received since 2020, the defense requests that the Court ask potential jurors questions about those issues, specifically the following:

1. Have you heard anything about this case prior to coming to court today? (with reference to Ms. Craft, M.P., C.P., allegations of racially charged events taking place in the Lake Forest neighborhood in 2020, any protests relating to the events and new stories about the events or the protests)
    a. What have you heard?

    b. What is the source of what you heard?

    c. Did you form any opinions about what you heard?

    d. What were those opinions?

    e. Do you think that your opinions or what you heard would impact your ability to be fair and impartial juror in this case?

2. Have you, or someone close to you, ever been the victim of racial bias?

    a. Do you think that your experience, or that of someone close to you, would impact your ability to be fair and impartial juror in this case?

## VII. Known or Anticipated Trial Problems

The proposed other acts evidence would increase the length of the trial if it is admitted. There are also child witnesses that will be called. The evidence in this case features inflammatory, racially charged language. The parties will continue to discuss these issues.

## VIII. Exhibit List

The defendant respectfully declines to outline his exhibit list or defensive strategy to the United States, but will discuss same with the Court *ex parte* and *in camera* if requested. The defense also notes that the exhibits that it will need to present will be strongly impacted the Court's ruling on the proffered other bad acts evidence. In addition, the Defendant would identify for use at trial, any and all exhibits proposed by the United States.

s/ Angela M. Rea
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

      I hereby certify that on February 6, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

/s/ Angela M. Rea