**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:22CR00094-DJH**
**UNITED STATES OF AMERICA,**                                                            **PLAINTIFF,**

**v.**

**SUZANNE CRAFT,**                                                                                  **DEFENDANT.**

**DEFENDANT'S SUR REPLY TO UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE**

Comes the defendant, by counsel, and requests the Court to exclude the other acts evidence proffered by the government, with the exception of those items that the defense agreed, in its Response (DN 22), are part in the *res gestae* of the charged offenses. The defendant moves the Court pursuant to the Due Process Clause of the Fifth Amendment; the Fair Trial Clause of the Sixth Amendment; and Rules 403 and 404 of the Federal Rules of Evidence. This Sur Reply will focus on the proposed purposes set out in the United States' Reply and the analysis under FRE 404(b) and 403. The defendant relies on the arguments in her Response that the proposed evidence is not part of the *res gestae* of the charged offenses and is not made admissible by USSG §3A1.1. Additionally, in its Reply, the United States offers the Court another argument as to why the proffered evidence is admissible, the need to prove at trial that the mailings contain "true threats." Much like the argument about USSG §3A1.1, the United States need not present a barrage of highly prejudicial other acts evidence in effort to prove this. They have the raw material to make that argument in the material underlying the indicted offenses – in the mailing themselves. There is no need to compromise the fairness of Ms. Craft's trial.

## NOTICE

The United States has given sufficient notice in its Reply. It has stated permissible purposes and has offered its reasoning for those purposes.

## FRE 404(b) AND 403

A criminal trial presents the jury with the question of whether the prosecution can prove the defendant guilty of the charged offenses beyond a reasonable doubt, not whether the person is of good or bad character. FRE 404(b)(1) generally prohibits specific "other bad acts" evidence, stating that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The rule also provides that this type of evidence may be admissible for another purpose. FRE 404(b)(2). Before the court may admit 404(b) evidence, it must: (1) determine whether there is sufficient evidence that the prior act occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in the rule; and (3) apply Rule 403 balancing to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *United States v. Allen,* 619 F.3d 518, 523 (6th Cir. 2010) (citing *United States v. Mack*, 258 F. 3d 548, 553 (6th Cir. 2001). *U.S. v Hardy*, 643 F.3d 143, 150 (6th Cir. 2011) (internal citation omitted).

### A. Sufficient Evidence that the other Acts Occurred

While the government need not show by a preponderance of the evidence that the other acts occurred, "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *United States v. Bell*, 516 F. 3d 432, 441 (6th Cir. 2008) (quoting *Huddleston v. United States,* 485 U.S. 681, 689, (1988)). Many of the acts proposed by the government are uncharged conduct and some are acts that are the subject of a

case pending in Jefferson District Court. Introduction of numerous such events will force Ms. Craft to also defend against those separate allegations. This is particularly true of the allegations about uttering racial slurs, driveway paintings, and witness interference. If the proposed evidence is admitted at trial on the indicted counts, Ms. Craft trial will be transformed into a series of mini-trials about these other alleged acts.

## B.  Proper Purpose

The evidence proffered by the United States is purportedly relevant to show identity, motive, knowledge, lack of mistake, and consciousness of guilt.

### 1.  Identity

The United States offers identity as a permissible purpose for: the alleged racial slurs by Ms. Craft and her daughter in 2019 and 2020, driveway incidents from June 2020, highway incidents from July 2021, alleged attempts to influence witness R.W., and documents from the pending district court case. Other acts are admissible to show identity if "they are 'of sufficient distinctive similarity" with the charges in the indictment to "create a pattern or modus operandi." *United States v. Allen*, 619 F. 3d 518, 524 (6th Cir. 2010) (citing *United States v. Perry*, 438 F. 3d 642, 648 (6th Cir. 2006) (other internal cite omitted). The four categories of acts proposed by the government are quite different from one and another and very different from the charged acts – sending threatening, racially inflammatory material through the mail. Any similarity is confined to the element of in some the other acts. None of the proffered other acts create a modus operandi or a pattern with the charged acts due to their distinctive similarity.

2. **Motive**

The United States cites motive as a permissible purpose to introduce the following: alleged racial slurs, driveway paintings from June 2020, and interactions with other neighbors. Motive has been defined as "'something within a person ... that incites him to action,' or 'the consideration or object influencing a choice or prompting an action.'" *United States v. Corsmeier*, 617 F. 3d 417, 420-421 (6th Cir. 2010) (citing *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.,* 475 F. 3d 783, 792 (6th Cir.2007) (in turn quoting Webster's Third New International Dictionary 1475 (1993)). The acts proffered by the government do not meet this definition. Courts have found that drug use or addiction is admissible to show motive to commit theft or robbery. See *United States v. Cody,* 498 F.3d 582, 591 (6th Cir.2007)(Evidence of a defendant's drug habits is "extremely probative" of his "motive" for committing a robbery). In this example, the drug habit is the compelling force that causes the person to commit the charged act. One leads to the other. The same logic is not found in the evidence proffered by the United States in Ms. Craft's case. There is no argument that the others acts in some way caused Ms. Craft to commit the crimes that she is accused of. The connection between the acts appears to be that most of them allegedly arise from a common motive, that of racial bias. With respect to the interactions with other neighbors, the argument is that conflict with them is does not contain any racial bias. All of this more properly seen as just the sort of evidence that rule 404(b) bars – evidence that Ms. Craft, or her daughter are accused of acting out of racial bias on other occasions and therefore she is more likely to be guilty of the counts in the indictment. This is propensity evidence, not evidence offered for a permissible purpose.

### 3. Absence of Mistake and Knowledge

The United States offers knowledge and absence of mistake as the permissible purpose supporting admission of alleged attempts to alter the recollection of witness R.W. about bullets sent to the M.P. and C.P. family. There is no potential mistake that Ms. Craft could make that would be refuted by such conversations. Indeed, this case is not one in which mistake or its absence is at issue. The jury will not be considering the possibility of mistake when deciding whether the United States has proven Ms. Craft guilty. Knowledge also does not create a path to admission. The communications between Ms. Craft and R.W. about the bullets, as set out in the United States' Reply, do not demonstrate a knowledge that only a person who was guilty of one of the charged offenses would have. The photo that she sent was from a social media post and it does not demonstrate knowledge that she would only possess if she were responsible for their delivery.

### 4. Consciousness of Guilt

The United States argues that the instances of alleged witness interference are admissible to show Ms. Craft's consciousness of guilt. However, there is no indication in the description of the proffered evidence that Ms. Craft urged R.W. to lie or to tell a story that is not accurate. There is also no indication that she used a threat in attempt to do so. Likewise, the following on the highway is described as just that, Ms. Craft following M.P. at a high rate of speed. There is no proposed evidence that it was accompanied by any sort of communication asking, urging, or threatening M.P. to do or to not do anything at all, let alone anything in connection this case, this investigation, or any other.

C. **FRE 403**

The Court's analysis continues to rule 403 if it finds that there is sufficient evidence that the other acts occurred and that they are relevant for a permissible purpose. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. In the context of a criminal trial, "unfair prejudice," "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged," such as "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." *Bell*, 444–45 (quoting *Old Chief v. United States*, 519 U.S. 172, 180–81, 1 (1997)). In this case, the danger is clear. The proposed other acts evidence will put other allegations involving inflammatory language and racial bias squarely in front of the jury. The only logical value the other acts is the idea that someone who is accused of acting out of racial bias in one way also acted of out racial bias with respect to the charged offenses. Accusations of this nature inspire a powerful negative response that will be impossible to set aside. The great potential for unfair prejudice outweighs the probative value of the proposed evidence. There is every danger that a jury would come to believe that Ms. Craft is guilty of the indicted charges because there are other allegations about her behaving in conformity with the character that is painted by those other accusations. Rule 404(b) is meant to "prevent a jury from 'convict[ing] a 'bad man' who deserves to be punished not because he is guilty of the crime charges but because of his prior or subsequent misdeeds' and from 'infer[ing] that because the accused committed other crimes, he probably committed

the Crime charged.'" *United States v. Emmons*, 8 F. 4th 454, 474 (6th Cir. 2021) (citing *United States v. Phillips*, 599 F. 2d 134, 136 (6th Cir. 1979). Admission of the proffered evidence would present an extreme example of the "bad man" – or "bad woman" scenario that the rule is designed to prevent.

## **CONCLUSION**

Based on the arguments set out above, and those previously made in the Defendant's Response (DN 22), the Defendant requests that the Court exclude the Evidence described in the United States Reply (DN23).

/s/ Angela M. Rea
Federal Defender
200 Theatre Building
629 Fourth Street
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

      I hereby certify that on February 6, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

                                                 /s/ Angela M. Rea