UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:22-cr-94-DJH

SUZANNE CRAFT,     Defendant.

\* \* \* \* \*

### MEMORANDUM AND ORDER

Defendant Suzanne Craft is charged with five counts of mailing threatening communications in violation of 18 U.S.C. § 876(c).  (Docket No. 1)  The United States has filed a notice of intent to introduce nineteen categories of evidence of uncharged and additional conduct as background evidence, or, in the alternative, under Federal Rule of Evidence 404(b). (D.N. 21)  Craft filed a response and sur-reply arguing that fourteen of the categories are inadmissible and should be excluded.  (D.N. 22; D.N. 26)  The government subsequently gave notice that it will no longer seek admission of two other categories.  (D.N. 23, PageID.74 n.1) After carefully reviewing the notice and supplemental briefing, the Court will address the status of eleven of the enumerated categories of evidence.  The balance of the categories will be addressed in a subsequent Order.

**I.**

The notice identifies nineteen categories of evidence that the government intends to introduce:

1. An incident shortly after the victim family moved into their home in 2019 involving Craft's daughter using racial slurs against one of the victim children.

2. August 8, 2019[,] Craft reported to Louisville Metro Police Department ("LMPD") that an unknown suspect(s) egged the back of her SUV, causing

1

    damage and that an unknown suspect(s) left fecal matter on her front door threshold, keylock, and doorknob.

3. August 9, 2019[,] Craft reported that that [sic] an unknown suspect(s) caused damage to her vehicle and home. Craft advised of the ongoing feud with a neighbor across the street.

4. An incident in March 2020 when M.P. overheard her children say how Craft's daughter had again used racial slurs toward one of them. After one of the children told Craft's daughter she was not welcome, the victim family heard Craft use a racial slur. Later that day, through the house window, M.P. saw a white Lexus SUV pull up next to one of her children in the cul-de-sac and say something to the child. The child told M.P. that Craft told the child that she was going to "run her over."

5. February 17, 2021[,] Craft is seen on surveillance camera at victim's house walking on to the victim family's property and pouring something believed to be kitty litter into their fountain and then walking back to the direction of her house.

6. Testimony of various neighbors regarding interactions with Craft during 2019-2022.

7. July 15 and July 16, 2021 incidents on the highway involving Craft and the victims.

8. June 7, 2020, Craft reported to LMPD that unknown suspect(s) painted racial slurs on her driveway in orange paint and that unknown suspect(s) also turned her water on outside and woke her up around 3:30 AM.

9. June 7, 2020, M.P. reported to LMPD that a suspect, who M.P. believed to be Craft, painted a racial slur on their driveway.

10. June 16, 2020[,] C.P. reported to LMPD that a person believed to be Craft spray painted racial slurs and a swastika on their driveway and also damaged the lawn. C.P. provided surveillance video showing a female carrying a bottle from the driveway to her left, possibly Craft's house and spray painted the driveway.

11. June 27, 2020[,] M.P. reported to LMPD that a person believed to be Craft spray painted racial slurs and a swastika on their driveway. M.P. provided surveillance video showing a female carrying a bottle from the driveway to her left, possibly Craft's house and spray painted the driveway, and then returning to Craft's house.

12. Certified court records regarding Craft's state court charge and issuance of a no contact order in Jefferson District Court case 20-M-006022.

13. White envelope with postmark "2 Nov 2020 PM 3 L", addressed to M.P. Contents of envelope include a cutting from an advertisement for Owen Funeral Home and a white piece of paper with cutout letter [sic] that read, "GO NI**ERS"

14. Undated white envelope with six stamps addressed to M.P. Contents include another white envelope which contains an envelope from Fifth Third Bank and two live ammunition rounds wrapped in a purple latex glove and cardboard from a Barilla pasta box.

15. Undated white envelope containing a white piece of paper with cutout letters that read, "YOU HAD ENOUGH NI**eR BITCH.?

16. Undated white envelope containing a white piece of paper with cutout letters that read, "DIE STUpID BITCH MOVE OUT"

17. Several empty plastic bags and one plastic bag containing a substance that is similar in consistency to kitty litter.

18. November 30, 2020[,] Craft reported to LMPD that an unknown suspect(s) stole mail matter including a Fifth Third Bank statement, a VISA credit card statement, and a Girl Scouts of America letter, from her mailbox.

19. Conduct by Craft to change or alter witness's memory of and statements regarding events and evidence relevant to the charged threats, including but not limited to communications between Craft and R.W. and a phone message Craft instructed her daughter to leave for R.W.

(D.N. 21, PageID.58–60)

According to the United States, the proffered evidence is "relevant admissible evidence pursuant to Rule[s] 401 and 402 that is admissible to prove the elements of the charged crimes" and "is also *Res Gestae* and/or evidence that is inextricably intertwined with the charged conduct." (*Id.*, PageID.57 (citations omitted)) In the alternative, the United States contends that the evidence is admissible under Rule 404(b). (*See id.*, PageID.58 (citations omitted))

In her response, Craft concedes that the categories of evidence numbered (13), (14), (15), (16), and (18) are admissible background evidence and do not fall under Federal Rule of Evidence 404(b). (*See* D.N. 22, PageID.63) Craft denies, however, that any of the remaining evidence categories may be properly admitted as background evidence and argues that they must be analyzed under Rule 404(b). (*See id.*, PageID.64–67; D.N. 26)

In its reply, the government states that "it will not seek to introduce in its case in chief" the evidence categories numbered (5) and (17). (D.N. 23, PageID.74 n.1) The United States' notice of intent to introduce evidence of other acts (D.N. 21) will therefore be granted as to the evidence categories numbered (13), (14), (15), (16), and (18) as admissible background evidence and denied as moot as to the evidence categories numbered (5) and (17).

The Court will reserve its ruling on categories numbered (1), (6), (7), and (8) and will wait to hear further argument prior to any attempted introduction at trial. The Court will address the evidence categories numbered (2), (3), (4), (9), (10), (11), (12), and (19) in a subsequent Order.

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The United States' notice of intent to introduce evidence of other acts (D.N. 21) is **GRANTED** with respect to the evidence categories numbered (13), (14), (15), (16), (18), as admissible background evidence, and **DENIED** as moot as to the evidence categories numbered (5) and (17).

(2) The Court **RESERVES** ruling as to the admissibility of the evidence categories numbered (1), (6), (7), and (8) until trial.

(3) The Court will issue its decision on the categories numbered (2), (3), (4), (9), (10), (11), (12), and (19), by subsequent Order.

February 21, 2023

David J. Hale, Judge
United States District Court