FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ Mar 10, 2023 _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                    Plaintiff,

v.                                          Criminal Action No. 3:22-cr-94-DJH

SUZANNE CRAFT,                                             Defendant.

\* \* \* \* \*

## JURY INSTRUCTIONS

### INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.  A copy of these Instructions will be provided to you when you retire to deliberate.

**INSTRUCTION NO. 2**

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**INSTRUCTION NO. 3**

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes she is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against her, and the law presumes that she is innocent.  This presumption of innocence stays with her unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that she is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that she is innocent.  It is up to the government to prove that she is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that she is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

**INSTRUCTION NO. 4**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 5**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**INSTRUCTION NO. 6**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 7

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a) Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(e) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(g) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**INSTRUCTION NO. 8**

You have heard questions about the religious affiliation of one witness and the defendant's

daughter.  You may not consider this testimony in assessing the credibility of any witness.

**INSTRUCTION NO. 9**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**INSTRUCTION NO. 10**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 11

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

**INSTRUCTION NO. 12**

The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 13

Count 1 of the indictment charges that On or about November 2, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, SUZANNE CRAFT, did knowingly deposit in a post office or an authorized depository for mail matter to be sent and delivered by the Postal Service and caused to be delivered by the Postal Service according to the directions thereon, a communication, addressed to another person, whose identity is known to the Grand Jury, containing a threat to injure the person of the addressee and others.  In violation of Title 18, United States Code, Section 876(c).

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A.  First, that the Defendant knowingly mailed or caused to be mailed by the United States Postal Service a communication.

B.  Second, that the communication contained a threat to injure a particular person or particular group of individuals; and

C.  Third, that the Defendant mailed the communication for the purpose of making a threat or knowing that the communication would be viewed as a threat.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The word "threat" means a serious statement expressing an intention to injure any person which under the circumstances would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration or something said in a joking manner.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

The Government need not prove that the Defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made or that specific targeted individuals knew about the threats against them.  To qualify as a threat, the statement need not be communicated to the targeted individual.

## INSTRUCTION NO. 14

Count 2 of the indictment charges that on or about November 5, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, SUZANNE CRAFT, did knowingly deposit in a post office or an authorized depository for mail matter to be sent and delivered by the Postal Service and caused to be delivered by the Postal Service according to the directions thereon, a communication, addressed to another person, whose identity is known to the Grand Jury, containing a threat to injure the person of the addressee and others.  In violation of Title 18, United States Code, Section 876(c).

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A.  First, that the Defendant knowingly mailed or caused to be mailed by the United States Postal Service a communication.

B.  Second, that the communication contained a threat to injure a particular person or particular group of individuals; and

C.  Third, that the Defendant mailed the communication for the purpose of making a threat or knowing that the communication would be viewed as a threat.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The word "threat" means a serious statement expressing an intention to injure any person which under the circumstances would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration or something said in a joking manner.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

The Government need not prove that the Defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made or that specific targeted individuals knew about the threats against them.  To qualify as a threat, the statement need not be communicated to the targeted individual.

## INSTRUCTION NO. 15

Count 3 of the indictment charges that On or about November 6, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, SUZANNE CRAFT, did knowingly deposit in a post office or an authorized depository for mail matter to be sent and delivered by the Postal Service and caused to be delivered by the Postal Service according to the directions thereon, a communication, addressed to another person, whose identity is known to the Grand Jury, containing a threat to injure the person of the addressee and others.  In violation of Title 18, United States Code, Section 876(c).

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A. First, that the Defendant knowingly mailed or caused to be mailed by the United States Postal Service a communication.

B. Second, that the communication contained a threat to injure a particular person or particular group of individuals; and

C. Third, that the Defendant mailed the communication for the purpose of making a threat or knowing that the communication would be viewed as a threat.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The word "threat" means a serious statement expressing an intention to injure any person which under the circumstances would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration or something said in a joking manner.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

The Government need not prove that the Defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made or that specific targeted individuals knew about the threats against them.  To qualify as a threat, the statement need not be communicated to the targeted individual.

**INSTRUCTION NO. 16**

Count 4 of the indictment charges that on or about November 6, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, SUZANNE CRAFT, did knowingly deposit in a post office or an authorized depository for mail matter to be sent and delivered by the Postal Service and caused to be delivered by the Postal Service according to the directions thereon, a communication, different from the communication charged in Count 3 of this Indictment, addressed to another person, whose identity is known to the Grand Jury, containing a threat to injure the person of the addressee and others.  In violation of Title 18, United States Code, Section 876(c).

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A. First, that the Defendant knowingly mailed or caused to be mailed by the United States Postal Service a communication.

B. Second, that the communication contained a threat to injure a particular person or particular group of individuals; and

C. Third, that the Defendant mailed the communication for the purpose of making a threat or knowing that the communication would be viewed as a threat.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The word "threat" means a serious statement expressing an intention to injure any person which under the circumstances would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration or something said in a joking manner.

20

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

The Government need not prove that the Defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made or that specific targeted individuals knew about the threats against them.  To qualify as a threat, the statement need not be communicated to the targeted individual.

## INSTRUCTION NO. 17

Count 5 of the indictment charges that in or around December 2020, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, SUZANNE CRAFT, did knowingly deposit in a post office or an authorized depository for mail matter to be sent and delivered by the Postal Service and caused to be delivered by the Postal Service according to the directions thereon, a communication, addressed to another person, whose identity is known to the Grand Jury, containing a threat to injure the person of the addressee and others.  In violation of Title 18, United States Code, Section 876(c).

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A. First, that the Defendant knowingly mailed or caused to be mailed by the United States Postal Service a communication.

B. Second, that the communication contained a threat to injure a particular person or particular group of individuals; and

C. Third, that the Defendant mailed the communication for the purpose of making a threat or knowing that the communication would be viewed as a threat.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The word "threat" means a serious statement expressing an intention to injure any person which under the circumstances would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration or something said in a joking manner.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

The Government need not prove that the Defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made or that specific targeted individuals knew about the threats against them.  To qualify as a threat, the statement need not be communicated to the targeted individual.

## INSTRUCTION NO. 18

In connection with Counts 1–5 of the indictment, the Government has alleged that the Defendant selected the victims of the threatening communications because of their actual or perceived race or color.  If you determine that the Defendant knowingly sent threatening communications by mail by finding her guilty of any or all of the charges in Counts 1–5, you must then determine beyond a reasonable doubt whether the Defendant sent the particular threatening communication because of the actual or perceived race or color of the victims.  You will do this by answering special verdict questions on the verdict form.

To prove that the Defendant acted "because of" the victim's or group of victims' actual or perceived race or color, the Government must prove beyond a reasonable doubt that the threats would not have been made but for the fact of the victim's actual or perceived race or color.  This does not mean that the Government must prove that the victim's actual or perceived race or color was the Defendant's sole or only motive for the threats.  You may find that the Defendant sent the threatening communications because of race or color even if there was more than one reason why she threatened the persons identified in Counts1–5. You must find, however, that the person's actual or perceived race or color played a determinative role in the Defendant's decision to threaten him or her.

The Government may prove this motive through direct evidence or may prove motive by circumstantial evidence.

**INSTRUCTION NO. 19**

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes happened "on or about" November 2, 2020, November 5, 2020, November 6, 2020, and December 2020.  The government does not have to prove that the crimes happened on these exact dates.  But the government must prove that the crimes happened reasonably close to these dates.

**INSTRUCTION NO. 20**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**INSTRUCTION NO. 21**

That concludes the part of my instructions explaining the elements of the crimes.  Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**INSTRUCTION NO. 22**

You have heard the testimony of ICEL KUZNETSOVA, JEREMY FLETCHER, and HECTOR MALDONADO, who testified as opinion witnesses.

You do not have to accept ICEL KUZNETSOVA, JEREMY FLETCHER, or HECTOR MALDONADO's opinions.  In deciding how much weight to give them, you should consider the witness's qualifications and how they reached their conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 23**

You have heard the testimony of CHARLES KLEIN and KRISTEN DOWNS, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept CHARLES KLEIN or KRISTEN DOWNS's opinions.  In deciding how much weight to give them, you should consider the witness's qualifications and how they reached these conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 24**

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

**INSTRUCTION NO. 25**

You have heard the testimony of KAILANI (LANI) and SEBASTIAN, two young witnesses.  No witness is disqualified just because of age.  There is no precise age that determines whether a witness may testify.  With any witness, young or old, you should consider not only age, but also the witness's intelligence and experience, and whether the witness understands the duty to tell the truth and the difference between truth and falsehood.

**INSTRUCTION NO. 26**

The United States has presented evidence that, in 2019 and 2020, the defendant's daughter used racial slurs against one of the victim children.  You may not (1) attribute the racial slurs to the defendant, (2) infer that the defendant taught her daughter to use the racial slurs, or (3) infer that the defendant instructed her daughter to use the racial slurs against one of the victim children.

## INSTRUCTION NO. 27

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved:

(1)      On or about November 13, 2020, the items identified as United States Exhibits 4, 5, 6, 7, 8, 10, 11, and 12 were taken into custody as evidence by the Louisville Metro Police Department. (LMPD).

(2)      On or about December 16, 2020, the items identified as United States Exhibits 4, 5, 6, 7, 8, 10, 11, and 12 were transferred from the custody of LMPD to the custody of the United States Postal Inspection Service (USPIS) where they were maintained in evidence.

(3)      On or about December 22, 2020, the items identified as United States Exhibits 4, 5, 6, 7, 8, 10, 11, and 12 were transferred from the custody of USPIS to the custody of the Federal Bureau of Investigation where they were maintained in evidence.

(4)      On July 28, 2022, at approximately 12:48 p.m., counsel for the United States sent counsel for Suzanne Craft a letter indicating that Suzanne Craft was the target of a federal investigation into potential federal criminal violations involving the mailing of threatening communications and the interference of the right to fair housing.  That same day, and no later than 8 p.m., the contents of the letter were communicated to Ms. Craft.

## INSTRUCTION NO. 28

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

The exhibits that were admitted in evidence will be provided to you.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## INSTRUCTION NO. 29

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, smart phone, iPhone, computer, or tablet, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, TikTok, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**INSTRUCTION NO. 30**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves her guilt beyond a reasonable doubt.

To find her not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

**INSTRUCTION NO. 31**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 32**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. 33**

Remember that the defendant is only on trial for the particular crimes charged in the indictment.   Your job is limited to deciding whether the government has proved the crimes charged.

**INSTRUCTION NO. 34**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 35

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**INSTRUCTION NO. 36**

I have prepared a verdict form that you should use to record your verdict.  It is attached to these instructions.

If you decide that the government has proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against her beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

If you find the defendant, SUZANNE CRAFT, guilty of one or more of the charges, then you must address the special verdict questions.  If you find the defendant, SUZANNE CRAFT, not guilty of all of the charges, then you must ignore the special verdict questions.

Your foreperson should then sign the form, put the date on it, and return it to me.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                        Plaintiff,

v.                                                Criminal Action No. 3:22-cr-94-DJH

SUZANNE CRAFT,                                                  Defendant.

* * * * *

## VERDICT FORM

We, the jury, find the defendant, **SUZANNE CRAFT**,

As to Count 1:

      GUILTY_____                    NOT GUILTY_____

As to Count 2:

      GUILTY_____                    NOT GUILTY_____

As to Count 3:

      GUILTY_____                    NOT GUILTY_____

As to Count 4:

      GUILTY_____                    NOT GUILTY_____

As to Count 5:

      GUILTY_____                    NOT GUILTY_____


DATE                                           FOREPERSON

_____        _____


If you find the defendant, **SUZANNE CRAFT**, guilty as charged of one or more of the charges, then you must address the special verdict questions below.  If you find the defendant, **SUZANNE CRAFT**, not guilty as charged of all of the charges, then you will ignore the special verdict questions.

43

### SPECIAL VERDICT QUESTIONS

We, the jury, having found the defendant, **SUZANNE CRAFT**, guilty of one or more of the offenses charged the indictment, further unanimously find that she selected the victims of the threatening communication because of their actual or perceived race or color.

As to Count 1 (if applicable):

YES_____                NO _____

As to Count 2 (if applicable):

YES_____                NO _____

As to Count 3 (if applicable):

YES_____                NO _____

As to Count 4 (if applicable):

YES_____                NO _____

As to Count 5 (if applicable):

YES_____                NO _____


DATE                                FOREPERSON

_____          _____

44