**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
AT Louisville

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CASE NUMBER: 3:22-CR-00094-DJH |
| SUZANNE CRAFT | DEFENDANT |

### NOTICE OF FILING OF OFFICIAL TRANSCRIPT

Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.

Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter/transcriber or view the document at the clerk's office public terminal.

See attached Notice regarding Redaction Responsibility of Counsel and Parties for further direction.

s\ Dena Legg
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN AND WESTERN DISTRICTS OF KENTUCKY**

**NOTICE REGARDING ELECTRONIC AVAILABILITY OF OFFICIAL COURT TRANSCRIPTS**
**AND THE REDACTION RESPONSIBILITY OF COUNSEL AND PARTIES**

Effective May 15, 2008 and in accordance with Judicial Conference Policy[1], the Eastern and Western Districts of Kentucky will implement the following policy regarding official court transcripts. Transcripts filed electronically will be restricted from remote public access for a period of 90 calendar days. This Notice outlines the duties of counsel and the parties regarding redaction of personal identifiers and the procedure for doing so before the transcript is made electronically available to the public.

**The responsibility for redacting official court transcripts rests <u>solely</u> with counsel and the parties, including** *pro se* **parties. Redaction responsibilities apply even if the requestor of the transcript is a judge or a member of the public. The Court, the Clerk and/or the Court Reporter will <u>not</u> review the transcript for compliance with this policy or applicable rules**.

Whenever a Court Reporter files an official transcript with the Court, the Clerk's Office will file a Notice of Filing an Official Transcript. Within seven (7) business days[2] following the filing of the transcript, counsel and the parties must file a Notice of Intent to Request Redaction[3], mailing a copy of the Notice to the Court Reporter. Because the Notice will be made electronically available, do **not** include any personal identifiers in your Notice. If counsel and the parties fail to file a Notice, the Court will assume that redaction of personal identifiers is *not* necessary.

Inspection of transcripts for the purpose of redaction is available at the Clerk's Office to parties, attorneys, and members of the public. Requests for copies of transcripts during this restricted period, however, must be made directly to the Court Reporter, who prepared the transcript. The docket entry in CM/ECF will identify the Court Reporter, who prepared the transcript. Only attorneys for a party in a case, who have obtained the transcript from the Court Reporter, may obtain remote electronic access to the transcript through the Court's CM/ECF system.[4]

Pursuant to Fed. R. Civ. P. 5.2, Fed. R. Cr. P. 49.1, and Joint General Order Number 04-01 for the United States District Courts for the Eastern and Western Districts of Kentucky, *it is the responsibility of counsel and the parties to review the transcript for redaction purposes*.[5] Only the following

---

[1] The Judicial Conference of the United States is charged, among other things, to "promote uniformity of management procedures and the expeditious conduct of court business," in part by "a continuous study of the operation and effect of the general rules of practice and procedure," and to recommend changes that would "promote simplicity in procedure, fairness in administration, the just determination of litigation, and the elimination of unjustifiable expense and delay. . . . ." *See* 28 U.S.C. § 331.

[2] During the March 2008 session, The Judicial Conference approved revisions to its Policy on Privacy and Public Access to Electronic Case Files (Privacy Policy,) which expanded the time within which attorney must notify the Court that they will seek redactions from five to seven calendar days after the transcript is delivered to the Court.

[3] An ECF Filing User shall electronically file the notice via CM/ECF by selecting the event "Notice of Intent to Request Redaction."

[4] PACER fees apply when remotely accessing the transcript. Charges accrue for the entire transcript rather than being capped at 30 pages. There is no free look.

[5] In cases where "standby" counsel is appointed to be available to assist a *pro se* defendant in his or her defense, such counsel is only responsible for reviewing for redaction and providing any redactions to the Court Reporter, the testimony of witnesses called by the defendant as well as the defendant's opening and closing statements.

personal identifiers may be redacted without further permission from the Court:

1. Social Security numbers;
2. Names of Minor Children;
3. Dates of Birth;
4. Financial Account Numbers; and
5. Home Addresses (applicable in criminal cases).

Leave of Court is required for redaction of additional information not listed above. The transcript will not be electronically available until the Court has ruled on any such motion.

Unless otherwise ordered by the Court, counsel and the parties <u>must review</u> the following portions of the transcript for redaction purposes:

• The Opening and Closing Statements Made on the Party's Behalf;
• The Statements of the Party;
• The Testimony of Witnesses Called by the Party; and
• Sentencing Proceedings[6]
• Any Other Portion of the Transcript as Ordered by the Court.

Within **twenty-one (21) calendar days** following the filing of the transcript, or longer if the Court so orders, counsel and the parties <u>must submit</u> to the Court Reporter a Statement of Redaction, indicating where personal identifiers appear in the transcript by page and line and how they are to be redacted.

EXAMPLE. If a party needs to have a Social Security Number redacted, the statement would read: Social Security Number on page 12, line 9 of the transcript should be redacted to read xxx-xx-6789.

The Statement of Redaction shall not be filed in the official record. All efforts shall be made to keep the actual personal identifiers confidential.

When the Statement of Redaction is submitted to the Court Reporter, a certificate of service shall be filed in the official record and served upon all parties in a case. The certificate shall state that the Statement of Redaction has been submitted to the Court Reporter.

**Within ten (10) calendar days following** submission of the Statement of Redaction to the Court Reporter, the Court Reporter must file the redacted transcript with the Clerk of Court.

This policy applies only to transcripts of federal courtroom proceedings. Other transcripts, such as those taken at deposition and thereafter filed, are subject to the redaction requirements mandated by the Federal Rules of Civil and Criminal Procedure as well as Joint General Order Number 04-01.

**Counsel and parties are admonished that it is possible to avoid the necessity of redactions and prevent harmful disclosure of personal data identifiers by not eliciting or mentioning such information during hearings or trial.**

---

[6]During the March 2008 session, The Judicial Conference approved revisions to its Policy on Privacy and Public Access to Electronic Case Files (Privacy Policy,) which require both the government and the defendant to review transcripts of sentencing proceedings.