UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

CRIMINAL ACTION NO. 3:22-CR-000094-DJH
UNITED STATES OF AMERICA,                                                                PLAINTIFF,

vs.

SUZANNE CRAFT,                                                                                   DEFENDANT.

### DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Suzanne Craft, respectfully submits this memorandum for her sentencing hearing scheduled on July 6, 2023. Ms. Craft pleaded not guilty to the charges in the indictment. Her case proceeded to trial before a jury beginning on March 6, 2023. On March 10, 2023, the jury returned guilty verdicts to all five counts in the indictment.

**Statutory Sentencing Range**

Ms. Craft was convicted of five counts of communication of a threat to injure or kidnap, pursuant to 18 USC §876(c), class D felonies. Each count carries no more than 5 years imprisonment, with no mandatory minimum, and a fine up to $250,000. Each also carries no more than 3 years supervised release.

**The Offenses of Conviction**

Ms. Craft pleaded not guilty to all of the indicted charges and has maintained her innocence through trial.

**Objections to the PSR**

Ms. Craft has two legal objections to the Presentence Report. Both relate to enhancements of the offense level.

In paragraph 37, she objects to the 6-level enhancement pursuant to USSG §2A6.1(b)(1) which applies where "the offense involved any conduct evidencing an intent to carry out the threat." In this case, the counts of conviction involve letters that were mailed in November and December of 2020. The PSR refers to a threat to run over a minor victim in March 2020[1], the mailing containing bullets that was received in December 2020[2], and members of the family being followed on the highway in July 2021.[3] Evidence of the first two incidents was presented at trial, none was presented for the final incident. Such conduct, if found by the Court to have occurred by a preponderance of the evidence, may be considered to be evidence of additional threats, however, it does not evidence an intent to *carry out* any threat communicated in the counts of conviction. In this case, there is no evidence that any firearm of any kind was ever used, displayed, or possessed by Ms. Craft. There is, likewise, no evidence that she ever possessed a firearm that could have fired the bullets found in the mailing.

Compare this to the application of the enhancement in *United States v. Newell*, 309 F.3d 392 (6th Cir. 2002) where the defendant purchased a handgun and ammunition in close proximity to the time of the threat, arming himself in a way that would provide

---

[1] PSR, para. 11.
[2] PSR, para. 19.
[3] PSR, para. 29.

him the means to carry out the threat. Even if the Court concludes that she engaged in additional threatening behavior by sending bullets, those bullets cannot be used in the absence of a weapon. They cannot be seen as evidence of an intent to carry out any threat.

In paragraph 43, Ms. Craft objects to the 2-level enhancement under USSG §3C1.1 for obstruction of justice. She denies that evidence shows that she instructed her S.W. to say anything *untruthful* in the call to R.W.. In this message, Ms. Craft's daughter describes finding the bullets in a drawer and references returning them.[4] She does not, however, explicitly state that she "got them" from the drawer as stated in the PSR.[5] Further, Ms. Craft exercised her right to testify at her trial and the jury's decision to find her guilty, in spite of her testimony, is not sufficient to establish an enhancement under USSG §3C1.1. See *United States v. Dunnigan*, 507 U.S. 87, at 95 (1993) and *United States v. Roberts*, 919 F.3d 980, 989 to 991 (6th Cir. 2019)

Based on these two objections, Ms. Craft also objects to the total offense level[6] and the resulting advisory guideline range[7] set out in the PSR. In the absence of the two enhancements under USSG §2A6.1(b)(1) and §3C1.1, the total offense level would be 21. With a criminal history category of I, the resulting guideline range would be 37-46 months.

---

[4] See USA 00001676, the recording of the message from S.W. to R.W..
[5] See PSR, para. 25. This difference was not noted in objections to the PSR as counsel did not notice at that time. However, the precise verbiage does not impact the guideline calculation or the argument against the enhancement.
[6] PSR, para. 47.
[7] PSR, para. 82.

**Advisory Guideline Range**

According to the Presentence Investigation Report ("PSR"), the advisory guideline calculations are as follows:

| | |
|---|---:|
| Base Offense Level, USSG 2A6.1(a)(1) | 12 |
| Conduct evidencing intent to carry put threat, USSG 2A6.1(b)(1) | +6 |
| More than 2 threats, USSG 2A6.1(b)(2)(A) | +2 |
| Violation of Court Order, USSG 2A6.1(b)(3) | +2 |
| Bias, USSG 3A1.1(a) | +3 |
| Vulnerable victim, USSG 3A1.1(b)(1) | +2 |
| Obstruction, USSG 3C1.1 | +2 |
| | |
| Total Offense level | 29 |
| | |
| Criminal History Category (0 points) | I |
| | |
| Guideline Range | 87-108 months |

**Ms. Craft's History and Background**

Ms. Craft lived in her home in the Lake Forest subdivision for approximately 15 years. She created and maintained a home there with her minor daughter, S.W.. Ms. Craft's daughter also continues to have a close relationship with her father, R.W., and the two parents worked together raise the child.

Prior to the birth of her daughter, Ms. Craft earned her Bachelor's degree in Psychology at the University of Louisville in 1997. Ms. Craft has substantial work experience in food service and in bartending. More recently, she has found work making deliveries.

Ms. Craft accomplished these things - educating herself, raising her daughter, and consistently working - after experiencing a lengthy period of abuse as a child and a teen. She has continued to struggle with those impacts of the abuse into her adult life.

Ms. Craft's goal for the future is to remain close to her daughter and to continue to play an active role in the child's life. Throughout her pretrial incarceration, she has remained steadfast in her commitment and connection to S.W. and will continue to work to maintain their closeness.

**Factors**

Pursuant to 18 U.S.C. §3553, the Court "shall impose a sufficient, but not greater than necessary" sentence. Specifically, in relevant part, 18 U.S.C. §3553(a) provides:

**(a) Factors to be considered in imposing a sentence.** --The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> **(B)** to afford adequate deterrence to criminal conduct;
>> **(C)** to protect the public from further crimes of the defendant; and
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
>> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
>>> **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>> **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [(B) omitted]
>
> **(5)** any pertinent policy statement--

>**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
>**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>**(7)** the need to provide restitution to any victims of the offense.

The Court shall also consider whether any mitigating circumstances exist that were not adequately taken into consideration by the Sentencing Guidelines which would result in a sentence different from that outlined in the guidelines. 18 U.S.C. §3553(b)(1).

**<u>Sentence</u>**

Ms. Craft requests that the Court consider imposing a sentence of between 37 and 46 months imprisonment, whether it does so by granting her objections to the offense-level enhancements or by granting a downward variance based on the factors set out in 18 U.S.C. §3553. Ms. Craft has minimal prior experience with serving a sentence of imprisonment. The time that she has spent in custody, away from her daughter, is already significantly more time than she has ever spent in custody of any sort. It is likely that S.W. will be an adult by the time that Ms. Craft sentence is served. She has been a very active and involved parent throughout all of her child's life. The imprisonment that the Court imposes will certainly serve as punishment. The enforced distance from her child, however, may serve as an equally painful penalty. Ms. Craft can work to re-establish a home, to find employment, and to create new connections to her community. She will

never be able to regain time with her daughter. A sentence between 37 and 46 months would be sufficient, but no more than necessary pursuant to 18 U.S.C. §3553.

Ms. Craft also requests that the Court waive any fine pursuant to 18 U.S.C. §3572. She was unable to hire to counsel to represent her in this case. Her chief asset is her home, which cannot be readily converted into funds to pay any fine. While she has significant work experience, the type of work that she has done has now allowed her to accumulate savings. Before her arrest, she estimates that she was earning less than $1000 per month. As seen in the PSR, she also has significant financial liabilities.[8]

**Conclusion**

For the foregoing reasons, Ms. Craft respectfully requests that the Court consider a sentence of between 37and 46 months and that it waive any fine. Such a sentence would be sufficient but not greater than necessary pursuant to 18 U.S.C. §3553(a).

                    Respectfully submitted,
                    /s/ Angela M. Rea
                    Federal Defender
                    200 Theatre Building
                    629 Fourth Street
                    Louisville, Kentucky 40202
                    (502) 584-0525

                    Counsel for Defendant.

---

[8] PSR, para. 80.

## CERTIFICATE

      I hereby certify that on June 26, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon. Stephanie Zimdahl and Christopher Tieke, Assistant United States Attorneys.

/s/ Angela M. Rea

In custody since august 19 2022    release status

55 y o, dob: 12/8/1967    identifying data

Conduct:
    11/1/2020    para 1
    11/5/5022    para 2
    11/6/2020    para 3
    11/6/2020    para 4
    12/2020    para 5

Convicted 3/10/2023    para 6

Pineda family moved in 4/2019    para 8

Cordial interaction at first, exchanged msgs    para 9

March 22, 2020 incident    para 10, 11,12

d/w painting, both,  6/7/2020    para 13

d/w painting 6/16/2020    para 14

d/w painting 6/27/2020    para 14

fb posts    para 14

civil suit 7/8/2020    para 14

ltrs, fall 2020    para 15, 17, 18, 19,

10/18/2020 videos    para 15, 16

Fingerprint, SC    para 21

Hwy chase, 7/16/2021    para 29

Crim hx, prior (or long-standing) issues w etoh  para 52-60
    DUIs: 4 or 5, 2 others that look like DUIs from 1988 (21 y o) to 2008 (40 y o)

Molested by step-father, age 3 to 13    para 68
    Also mentioned in ltrs from aunts
    Discussed w counselor for small period of time at age 19

Close to mom and Chris          para 69

SW, 16 y o daughter             para 70

Lived at 507 Edgeforest for 15 yrs, before arrest          para 71
    Unsure where she will live at release

PTSD          para 74

ETOH hx     para 75
    Does not drink much as an adult
    Does not feel she has an issue w etoh

BA in psychology from UL in 1997     para 76

Most work hx serving or bartending     para 79

JSIN for our proposed OL, 21 x CH I     = avg: 35, median: 37 (9 defendants)

Role of SR – supervision, rehabilitation

Focus on future and maintaining r/l/s w daughter and mother

Challenges
    Work to maintain home for daughter
    Could not afford to keep up w neighbors
    Longstanding etoh abuse
        No tx
    COVID isolation / loss of job / activity
    Hx of abuse / no real tx
    Familial expectations
    Intelligent & educated, but w/o ability to respond appropriately when felt undermined or attacked

Positives
    No crim conv since 2008
    Family support
    Drive to parent SW
    Education
    Work exp & hx – willing to work long and difficult hours
    Persistence
    Loves her cats