```
 1                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF KENTUCKY
 2                       LOUISVILLE DIVISION

 3
     UNITED STATES OF AMERICA,      )    Case No. 3:22-CR-00094-DJH
 4                                  )
            Plaintiff,              )
 5                                  )
     v.                             )
 6                                  )
     SUZANNE CRAFT,                 )
 7                                  )    December 19, 2022
            Defendant.             )    Louisville, Kentucky
 8

 9                              *  *  *  *  *

10                  TRANSCRIPT OF STATUS CONFERENCE
                    BEFORE HONORABLE DAVID J. HALE
11                   UNITED STATES DISTRICT JUDGE

12                              *  *  *  *  *

13   APPEARANCES:

14   For United States:       Christopher C. Tieke
                              Stephanie M. Zimdahl
15                            U.S. Attorney's Office
                              717 West Broadway
16                            Louisville, KY 40202

17   For Defendant:           Angela M. Rea
                              Western Kentucky Federal
18                               Community Defender, Inc.
                              629 S. 4th Avenue, Suite 200
19                            Louisville, KY 40202

20   [Defendant present.]

21
                             Dena Legg, RDR, CRR, CCR-KY
22                            Official Court Reporter
                              208 U.S. Courthouse
23                            Louisville, KY 40202
                                (502) 625-3778
24
     Proceedings recorded by certified stenographer, transcript
25   produced by computer.
```

1          (Begin proceedings in open court at 9:38 a.m.)

2               DEPUTY CLERK:  3:22-CR-94, United States of America

3     versus Craft.

4               MR. TIEKE:  Good morning, Your Honor.  Chris Tieke and

5     Stephanie Zimdahl on behalf of the United States.

6               MS. REA:  Good morning, Your Honor.  Angela Rea with

7     Ms. Craft.  She's present, seated at the table.

8               THE COURT:  We set this matter for a status hearing.

9     Our jury trial is set in early March.  After the holidays, the

10    pretrial deadlines begin to stack up.  Mr. Tieke, where are we

11    in the discovery process?

12              MR. TIEKE:  Your Honor, the majority of the discovery

13    has been completed.  Of course, as we lead up to trial, we will

14    continue to update with any discovery that may be out there, but

15    it will not be voluminous.  Of course, we will produce and

16    comply with our obligations under *Jencks* as the trial approaches

17    as well.

18       In terms of that trial, the United States, just for the

19    record, has provided a final plea offer.  The date for accepting

20    that plea offer has expired just last week.  So we're tracking

21    towards the March 6th trial date in this case.

22              THE COURT:  Just to clarify, you've indicated then

23    that the Government has supplied all of the discovery materials

24    that it anticipates; is that right?

25              MR. TIEKE:  Yes.

1    THE COURT:  You're not waiting on any tests or

2  anything like that --

3    MR. TIEKE:  No, Your Honor.

4    THE COURT:  -- that you know about?

5    MR. TIEKE:  Not that I'm aware.  And as I said, if

6  anything comes up, we will produce it immediately.

7    THE COURT:  And I also presume that the Government has

8  discharged its obligations with respect to notifying any victims

9  of the crimes charged here; is that correct?

10    MR. TIEKE:  Yes, Your Honor.

11    THE COURT:  I believe you-all talked about a schedule

12  for the final pretrial conference.  Let me confirm for the

13  record, then, that February 15 at 9:30 works for both sides.

14    MS. REA:  It does, Your Honor.

15    MR. TIEKE:  Yes, Your Honor.

16    THE COURT:  I would anticipate that we'll have perhaps

17  one more status conference by telephone in the interim in

18  advance of that final pretrial conference.  We'll use that

19  simply to organize and prepare an agenda for the final pretrial

20  conference.

21    MR. TIEKE:  Your Honor, just to preview some -- I

22  anticipate some issues, just to let the Court know well in

23  advance.  The United States at trial plans to -- we'll put on

24  evidence of the hate crime enhancement under 3A1.1, which

25  according to the guidelines has to be proven at trial.  And so

1    we will put on evidence of that.  That, I think, will be an

2    issue that we can discuss, but I just wanted to make the Court

3    aware of that issue.

4        Another issue is the United States has evidence that -- in

5    this case that could arguably be 404(b) evidence.  We do not

6    think it is.  It would include bullets that were sent to the

7    victims that were not charged as part of the mailings in the

8    indictment, some spray-painting that took place, and other

9    issues like that.  We would -- the United States would argue

10   that those aren't -- incidents are not 404(b) but expect that

11   that might be an issue that might need to be addressed ahead of

12   the pretrial.

13       The Court mentioned witnesses.  We do have some juvenile

14   witnesses in this case, and I think that might be an issue that

15   we can address as well as the victim witnesses.

16       We also have experts in this case.  We've spoken to Ms. Rea.

17   We've disclosed those experts and don't expect there'll be any

18   Daubert challenges to those experts.  In discussions with

19   Ms. Rea, she also anticipated that she will not be having an

20   expert, but should that change, that Daubert issue could come

21   back up.  But in terms of experts that the United States is

22   proffering, we don't expect there to be any Daubert challenges

23   to that, to those experts.

24       One more issue just for the Court just to put on the table,

25   the jury panel in this case -- I know that there's been some

1    press coverage of this case as well as the state case involving

2    some of the parties.  I just wanted to make the Court aware of

3    that in terms of the potential size of the jury panel, to think

4    about that issue as well.

5        So just preliminarily, I know that the Court mentioned a

6    status conference where we might fully discuss those issues, but

7    I wanted to lay those out far enough in advance to put those on

8    everyone's radar.

9            THE COURT:  Ms. Rea, do you have anything to add to

10   any of those agenda items?

11           MS. REA:  Nothing to add, Judge.  I agree those are

12   gonna be the issues that we're gonna have to work through.  I

13   think the uncharged conduct, you know, potential 404(b) will

14   probably be the most intense and time-consuming of them.

15           THE COURT:  Well, I appreciate the issue spotting.  I

16   think, in light of the potential conflict over 404(b) evidence,

17   we might want to -- we might want to have that resolved earlier

18   than the current motion in limine schedule would permit.

19       Ms. Rea, is there any reason that -- or do you require any

20   additional information before being able to raise an objection

21   to the proposed 404(b) evidence by the suppression deadline?

22           MS. REA:  Judge, I could certainly file an objection.

23   I do think it would be helpful if the U.S., though, would file a

24   notice as to the acts.

25       This is a case where the interaction between the parties

1    started in April of 2019 and went on quite a while.  So I think

2    there's a lot of potential there, and I could more efficiently

3    address them with a notice as to what specific acts the U.S.

4    seeks to introduce.  So I could certainly try with an objection,

5    but I do think it'd be more efficient if we did it that way.

6          THE COURT:  What's a reasonable time frame for you-all

7    to file a detailed notice, one that would permit us to drill

8    down on the issue and have it resolved by the time of the final

9    pretrial conference?

10          MR. TIEKE:  Let's see.  The 15th.  Your Honor, I think

11   that we could -- without conceding that it is 404(b), obviously,

12   we would -- we can file something maybe by January 15th.

13          THE COURT:  All right.  And then once you receive the

14   notice, Ms. Rea, ten days thereafter for -- however you want to

15   style your response to that notice?

16          MS. REA:  Sure.  Yes, Judge, that's good.  Thank you.

17          THE COURT:  So in the order following our status

18   hearing today, we'll set those deadlines and simply add them to

19   the existing list of pretrial deadlines, January 15 and

20   January 25.

21       Mr. Tieke, you mentioned the jury panel.  We would, as a

22   matter of course, have the notices go out about 30 days in

23   advance.  So those will be out by the time of the final pretrial

24   conference on February 15.  I would have identified this -- the

25   nature of this case as suggesting a slightly larger pool, but

1    unless you have some very specific data to suggest a size of

2    pool, I'll just rely on our own internal experience there.

3           MR. TIEKE:  That's fine, Your Honor.  No, we would

4    leave it to your discretion.  I just wanted to note that that

5    potentially would be an issue.

6           THE COURT:  Right.  And I think, again, given the

7    nature of the charges -- they're a bit unusual, a bit outside

8    the typical experience of a juror -- I think we would probably

9    increase the pool by 15 or 20 percent versus the normal pool.

10   Remind me again -- this is a three-day, four-day trial?

11          MR. TIEKE:  Approximately a week.

12          THE COURT:  Five-day?

13          MR. TIEKE:  Five-day.

14          MS. REA:  Yes.

15          THE COURT:  We would then, I'm sure, seat at least 14

16   and maybe 15 then for the trial.

17      Why don't we go ahead and select a date for a telephonic

18   status conference.  Let's set it for late January, after the

19   January 25 deadline that we just gave Ms. Rea.

20          DEPUTY CLERK:  How about January 31st?

21          MS. REA:  Let me just check.

22          THE COURT:  What day of the week is that, Natalie?

23          DEPUTY CLERK:  It's a Tuesday.

24          THE COURT:  I'm gonna give the United States a -- I'll

25   call it a reply deadline of January 30 on the earlier 404(b)

1   discussion.  So it'll be -- the three dates will be January 15,

2   25, and 30, and then we'll set a telephonic status conference

3   for January 31.  At what time?

4           DEPUTY CLERK:  Does 10:30 work?

5           MS. REA:  Yes.  Thank you.

6           MR. TIEKE:  That's fine for the United States.

7           THE COURT:  At the January 31 telephonic, we can plan

8   to discuss then the -- if we -- hopefully we'll keep the

9   schedule -- the submitted 404(b) or not issue.  And we'll also

10  talk -- we'll plan to talk at that point about the jury notices

11  and whether any specific questions should be provided along with

12  the notice.

13      So it would, I think, benefit the process if you-all would

14  confer in advance on that discrete issue.  If you can agree upon

15  a few questions that might aid in the voir dire process to go

16  with the jury notices to the pool, I would be happy to include

17  some of those.

18      All right.  What else do we need to talk about?  Ms. Rea, do

19  you have anything else that we need to discuss today?

20           MS. REA:  I do not, Your Honor.

21           THE COURT:  Mr. Tieke?

22           MR. TIEKE:  No, Your Honor.  Thank you.

23           THE COURT:  I think that's covered everything that I

24  had.  As I indicated, the memorandum of hearing and order that

25  will follow our discussion today will set all of those deadlines

1    and hearings that we've just discussed and the schedule for

2    briefing on the potential 404(b) issue.

3        I'm not gonna add in our most recent discussion about

4    potential jury pool issues.  I'll just trust, in our discussion

5    here, that you-all will be -- in the normal course you-all will

6    be in touch with each other and confer on that issue in advance

7    of the January 31 telephonic.

8        All right.  Thank you-all.

9            MR. TIEKE:  Thank you, Your Honor.

10           MS. REA:  Thank you.

11       (Proceedings concluded at 9:53 a.m.)

12                   C E R T I F I C A T E

13       I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

14   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

15

16
          s/Dena Legg                    September 21, 2023
17   Certified Court Reporter No. 20042A157    Date
     Official Court Reporter
18

19

20

21

22

23

24

25