```
 1                      UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF KENTUCKY
 2                            LOUISVILLE DIVISION

 3
     UNITED STATES OF AMERICA,      )    Case No. 3:22-CR-00094-DJH
 4                                  )
             Plaintiff,             )
 5                                  )
     v.                             )
 6                                  )
     SUZANNE CRAFT,                 )
 7                                  )    January 31, 2023
             Defendant.             )    Louisville, Kentucky
 8

 9                               * * * * *

10             TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
                   BEFORE HONORABLE DAVID J. HALE
11                   UNITED STATES DISTRICT JUDGE

12                               * * * * *

13   APPEARANCES:

14   For United States:      Christopher C. Tieke
                             Stephanie M. Zimdahl
15                           U.S. Attorney's Office
                             717 West Broadway
16                           Louisville, KY 40202

17   For Defendant:          Angela M. Rea
                             Western Kentucky Federal
18                             Community Defender, Inc.
                             629 S. 4th Avenue, Suite 200
19                           Louisville, KY 40202

20   [Defendant not present.]

21
                        Dena Legg, RDR, CRR, CCR-KY
22                         Official Court Reporter
                            208 U.S. Courthouse
23                         Louisville, KY 40202
                              (502) 625-3778
24
     Proceedings recorded by certified stenographer, transcript
25   produced by computer.
```

1     (Begin proceedings via telephonic conference at 10:37 a.m.)
2         THE COURT: Good morning.
3         MR. TIEKE: Good morning, Your Honor.
4         MS. ZIMDAHL: Good morning.
5         MS. REA: Good morning, Your Honor.
6         THE COURT: We are here on U.S. v. Craft. And for the
7 United States, we have Ms. Zimdahl, Mr. Tieke, and for the
8 defendant, Ms. Rea.
9     We last talked at an in-person status hearing on
10 December 19, and at that point, we set the matter for this
11 status conference. We also at that time scheduled the final
12 pretrial conference for February 15.
13     I believe that at the time of the status hearing on
14 December 19, Ms. Zimdahl, Mr. Tieke, the Government's discovery
15 process had been completed. Is that accurate?
16         MR. TIEKE: Yes, Your Honor. We had produced
17 everything that we had received at that point. We received some
18 additional information after -- subsequent to that hearing, and
19 we immediately provided that to Ms. Rea, who has received that.
20     Should we receive anything else, we will continue to provide
21 that. We don't anticipate voluminous things coming in. The
22 remaining -- most of the balance would be *Jencks* material, which
23 we've already provided some of those; and we will anticipate
24 providing the remaining *Jencks* material that we have ahead of
25 trial. So that's kind of the status of that.

1  THE COURT: All right. Ms. Rea, anything in response
2  on the discovery issue?
3  MS. REA: Just briefly, Judge. I do believe there's
4  only been one filing from the U.S. since we were here on 12-19.
5  I received it just about a week ago, and I'm still making my way
6  through that. I'm not aware right now of anything else that is
7  outstanding, but -- other than the material that the U.S. spoke
8  about, but, of course, there could be things that arise.
9  THE COURT: We'll have an opportunity, of course, to
10 talk more about that -- about discovery and where things stand
11 at the final pretrial conference in a little over two weeks.
12    Is the matter still headed towards trial on March the 6th?
13 MR. TIEKE: Yes, Your Honor. I think that -- there
14 are no real outstanding negotiations in terms of a plea deal.
15 The United States has provided an offer and has -- that has been
16 rejected at this point.
17    Your Honor, I would point out the issue -- at the last
18 status conference as well, there was some briefing that was
19 completed regarding evidentiary items that --
20 THE COURT: Yes, that's --
21 [Overlapping speakers.]
22 MR. TIEKE: I'm sorry. I didn't mean to jump the gun.
23 THE COURT: Yeah, you jumped the gun, Mr. Tieke.
24 MR. TIEKE: I apologize, Your Honor.
25 THE COURT: No, we'll just consider that an

1 appropriate segue. The Government filed, I believe, its reply
2 in support of its original notice just yesterday. So the matter
3 now stands submitted. We will have if not a complete ruling in
4 advance of the February 15 final pretrial conference, I will at
5 least be prepared at that point to advise you of the court's
6 ruling even if the written opinion is not complete at that time,
7 but it is submitted now.
8         MS. REA: And, Your Honor, may I just make a request
9 in that regard? This is Angela Rea.
10         THE COURT: Sure.
11         MS. REA: Thank you. Because my response to the U.S.
12 notice included a request that they give a more specific notice
13 as to the particular basis and the reason for the basis in the
14 rule, their reply, which they filed yesterday, did just that.
15   So a good deal of my response was to say that in order to
16 sort of substantively respond to the why of the particular other
17 bad acts items, I needed them to assert their particular
18 reasoning and basis. I would ask for the opportunity, now that
19 I have that in more detail, to submit a more substantive reply,
20 or I guess it would be a surreply.
21         THE COURT: Well, I think that's fair, but you're
22 gonna have to do it quickly because --
23         MS. REA: Okay.
24         THE COURT: -- I need time to -- I need time to read
25 all of this. You-all are pretty wordy here, and I've got to be

1  able to sort this out.  And I need -- I can't do that -- I have
2  a few other cases to deal with besides this one, and I will need
3  some time to sort through all of this and come up with a ruling
4  in advance of our final pretrial conference.  So how quickly can
5  you file your surreply?
6          MS. REA:  I could definitely do it Monday.  If
7  absolutely necessary, I could do it by the end of the day
8  Friday.
9          THE COURT:  Well, there's not much difference between
10 the end of the day Friday and Monday --
11         MS. REA:  Understood.
12         THE COURT:  -- in terms of availability to assess it.
13 I'll give you to Monday.  I think it's Monday, the 6th.  I think
14 we'll do the best that we can thereafter to have the matter
15 resolved by the 15th.
16    I will come to the final pretrial conference prepared to
17 advise you -- at minimum prepared to advise you of my ruling on
18 the Government's notice and the assorted other associated issues
19 even though I might -- given our schedule between now and then,
20 I might not have -- I might not have an opinion done by that
21 point, but I will come prepared to tell you what the rulings are
22 so that you can then prepare for trial.
23         MR. TIEKE:  Understood, Your Honor.  Thank you.
24         MS. REA:  Thank you, Your Honor.
25         THE COURT:  The order that follows our status

1   conference today will provide a deadline of Monday, February 6th
2   for the defense to file a surreply.
3       And let's see.  What else?  Let me also advise that the jury
4   pool notices will be going out here in the next few days,
5   probably by the end of the week, no later than, I would think,
6   Monday.  We will, of course, be prepared to talk more about the
7   voir dire process on February 15.
8       Ms. Zimdahl, Mr. Tieke, does the Government have anything
9   else that we need to take up today?
10          MR. TIEKE:  Your Honor, just a few items we previewed
11  somewhat at the last status hearing.  We're in the process of
12  conferring with Ms. Rea regarding some of the pretrial issues
13  that -- some of the issues that we might have at the trial, in
14  particular, any stipulations.
15      We're also conferring with her regarding some children
16  that'll be testifying.  And we can probably discuss that issue
17  more at the pretrial status conference as well as we're working
18  with Ms. Rea regarding, you know, the sensitive nature of the
19  language that's at issue in this case.  And I think at the final
20  pretrial, we can advise the Court of our, I guess, idea for
21  handling those issues.
22      The second thing would be I know Ms. Rea -- and I'll defer
23  to you on this -- but she's working with another attorney in our
24  office regarding an issue that arose with Ms. Craft.
25      And so, Ms. Rea, I'm not sure -- if you want to take over

1     and describe that, I think that might be helpful.
2             MS. REA:  Sure, yeah.  So I have been in contact with
3     another attorney from the U.S. Attorney's Office regarding some
4     material that was reviewed as, essentially, part of a filter
5     process.
6         I have the material.  I have reviewed it.  I don't
7     anticipate, as I sit here right now, any filings or motions that
8     will be filed by me as a result of that.  The deadline that was
9     communicated when -- -- the communication with the other U. S.
10    Attorney was tomorrow.  I do not expect my position on the
11    matter to change.  So I don't think that there will be further
12    or any argument about the material that the Court will need to
13    entertain and rule on.
14        If that changes, of course, I will let her know by tomorrow,
15    but I did want to -- or we wanted to let the Court know that
16    there is an issue with some of this material.  And I wanted to
17    say, based on my review thus far, I don't think it will be
18    anything that needs to be litigated.
19            THE COURT:  All right.  Well, I think I followed that.
20            MS. REA:  I'm trying to be -- yes, I'm trying to be --
21    I guess provide information but --
22        [Overlapping speakers.]
23            THE COURT:  -- comes to mind here, Ms. Rea.
24            MS. REA:  Yes.
25            THE COURT:  Let me ask you if -- and I realize this is

1   an uncomfortable topic for you, obviously, but I want to make
2   sure I understand what you're talking about and that -- to the
3   extent that it can be, that the record here is clear.  There is
4   some other material that might be relevant to the charges in
5   this case.  Am I on the right track?
6          MS. REA:  You are, Judge.  Yes, Your Honor, and the
7   issue is whether there are attorney-client privilege
8   implications.  In my review right now, I don't think -- and I
9   should have said that from the outset.  I don't think that's an
10  issue we're gonna have to litigate or ask the Court to rule on.
11         THE COURT:  Very well.  So I'm not asking you to do
12  anything.  This is by way of information.
13         MS. REA:  Indeed.
14         THE COURT:  All right.  So if that position changes
15  before our final pretrial conference, I would ask you to simply
16  give notice of that in advance so that I can come to our final
17  pretrial conference prepared to have a meaningful discussion
18  about the implications of that issue as I sort of kind of
19  understand it now.
20      So in any event, if it's not going to be an issue going
21  forward, which I think is where we stand now, that's fine; but
22  if that changes in advance of our final pretrial conference,
23  please do give us notice.  And you can simply file in the record
24  notice that the issue previewed in today's status conference
25  needs to be added to the court's agenda for the final pretrial

```
 1   conference.
 2              MS. REA:  Very well.  Thank you, Judge.
 3              MR. TIEKE:  And, Judge, just to add --
 4              THE COURT:  Mr. Tieke, I believe that was second on
 5   your list.  Do you have anything else?
 6              MR. TIEKE:  No, Your Honor.  And just to color that a
 7   little bit further, you know, we purposefully have stayed out --
 8   Ms. Zimdahl and I have, you know, stayed out of that side of
 9   things, but our -- but in terms of the timing, I understand that
10   should it be an issue, that the filter AUSA is in a position to
11   expeditiously, you know, flag those issues for the Court.  So we
12   were sensitive to the timing of it at least but have
13   purposefully, you know, remained outside of those issues.  But,
14   no, other than that, Your Honor, no, there's nothing else to
15   discuss.  I can think of nothing right now.
16              THE COURT:  And, Ms. Rea, do you have anything else to
17   bring up at this point?
18              MS. REA:  I do not, Your Honor.  I agree with the U.S.
19   with respect to the other issues to kind of put on the agenda to
20   deal with at the final pretrial, particularly the -- how we deal
21   with some of the language.  So that's something that's on our
22   radar.  We'll continue to talk and then discuss it with the
23   Court on that date.
24              THE COURT:  Yes.  Let me now react in part to that.
25   We will need to be all on the same page, it seems to me, on how
```

```
 1   we -- the offensive language is described, how the evidence of
 2   that language is received, and that will begin with the voir
 3   dire stage.  So I am -- I am glad you-all are talking about
 4   that.
 5       I think it best that you-all come to the February 15 final
 6   pretrial conference with at least the components of an agreement
 7   as to how to proceed so -- well, I'll just leave it there.  I
 8   think, if you-all can come to the final pretrial conference
 9   having a meaningful discussion as to how best to handle that
10   aspect of the case, beginning with voir dire, I think -- I think
11   that would be helpful.
12       If you don't have an agreement, I will, of course, make a
13   decision as to how we're going to handle that.  But to the
14   extent that you-all can agree, that will streamline the process
15   greatly.  If that's all you-all have, then I will look forward
16   to seeing you on the 15th.
17            MR. TIEKE:  Thank you, Judge.
18            MS. REA:  That's all for me.  Thank you, Judge.
19            MS. ZIMDAHL:  Thank you, Judge.
20            THE COURT:  Good to talk with you-all.
21       (Proceedings concluded at 10:56 a.m.)
22
23
24
25
```

1                    C E R T I F I C A T E

2        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

3    THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

4

5
         _____s/Dena Legg_____         September 21, 2023
6        Certified Court Reporter No. 20042A157    Date
         Official Court Reporter
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25